**Arnulfo GONZALEZ, Appellant,**

v.

**Roberto BROUSSARD, a Minor, by and through his Next Friend, A. L. Broussard, and A. L. Broussard, Individually, Appellee.**

**No. 12770.**

Court of Civil Appeals of Texas.

San Antonio.

Dec. 29, 1954.

Rehearing Denied Jan. 26, 1955.

Bobbitt, Brite & Bobbitt, San Antonio, J. G. Hornberger, D. O. Gallagher, Jr., Laredo, for appellant.

John Noyola, Laredo, for appellees.

POPE, Justice.

This is an appeal from a judgment in favor of Roberto Broussard, a nine-year-old minor, and A. L. Broussard, his father. The judgment awarded the minor $4,000 and his father $412. The judgment was for injuries suffered by the child and for medical and hospital bills owed by the father, because Roberto broke his leg when he stumbled over a rock located on a playground provided at the appellant's drive-in theatre.

■ The judgment must be reversed by reason of the combined effect of several overt acts of misconduct which occurred during the deliberations of the jury. (1) One juror told other jurors of his personal experiences with a broken leg, how he was in the military service and was relieved of duties for six months by reason of a broken leg, how others in the hospital also had "broken bones"; that some persons were there when he came and were still there when he left, that it was difficult to determine whether a bone was properly set, whether it would mend properly or whether it would give future trouble. The medical testimony for the minor plaintiff failed to support these unsworn remarks about the personal experiences of the juror. El Paso Electric Co. v. Cannon, 128 Tex. 613, 99 S.W.2d 907; St. Louis Southwestern Ry. Co. of Texas v. Robinson, Tex.Com.App., 285 S. W. 269, 46 A.L.R. 1507. (2) There were undiscussed conjectures about whether the defendant was protected by insurance. (3) Casual mention of the plaintiff's need to pay attorney's fees was heard by almost all the jurors. (4) There was mention that A. L. Broussard was an employee of the defendant, and that he would probably lose his job, since he had brought the suit, and for that reason would be entitled to damages to support his family. (5) Some jurors stated that they were familiar with the playground area of the drive-in theatre and that the area was dangerous. (6) There were statements by several jurors that irrespective of the decision of the jury, a higher authority would pass on the case. The mention of insurance and attorney's fees was promptly rebuked and they were not thereafter mentioned, but many jurors heard each of the above instances of misconduct. The statements about the juror's personal experiences with broken bones is not disputed.

■ Under the principle that a number of instances of misconduct, though harmless if taken separately, may in combination call for a reversal, we must reverse this cause. Scoggins v. Curtiss & Taylor, 148 Tex. 15, 219 S.W.2d 451; Sproles Motor Freight Lines v. Long, 140 Tex. 494, 168 S.W.2d 642; Smerke v. Office Equipment Co., 138 Tex. 236, 158 S.W.2d 302.

■ Other points in the case attack the sufficiency of the evidence to support the verdict in view of the duty owed a licensee. The minor child was present on the premises as a licensee rather than an invitee. Texas-Louisiana Power Co. v. Webster, 127 Tex. 126, 91 S.W.2d 302, 306. His father was an employee on duty and the child and his mother came to see the picture free of charge. This was knowingly permitted by the owner. This practice had continued for a long period of time prior to the accident. There also was proof that the owner knew of the presence of rocks in the area; that he had on many occasions seen them; that children brought them and other articles into the area rather freely. There was also proof of dim lighting which obscured the objects permitted to accumulate in the area. All these things were well known to the owner.

■ Section 331, American Law Institute Restatement of the Law of Torts, speaks of a gratuitous licensee as one whose presence upon the premises is solely for the visitor's own purpose in which the possessor of the property has no interest, either business or social, and to whom the privilege of entering is extended as a mere favor by express consent or by general custom. Section 342 of the same work states:

"A possessor of land who permits gratuitous licensees to enter thereon, is subject to liability for bodily harm caused to them by the dangerous state in which he permits a natural or artificial condition to remain, if, but only if, he not only knows of the condition but also realizes it involves an unreasonable risk of causing bodily harm to the particular licensee harmed thereby."

■ The general rule is that a licensor owes a licensee a duty only with reference to wilful, active, or wanton negligence, but there are exceptions to the rule. When the licensor has knowledge of a dangerous condition and the licensee does not, a duty

arises on the part of the licensor to warn or make the condition reasonably safe. See Gulf Refining Co. v. Beane, Com.App., 133 Tex. 157, 161, 127 S.W.2d 169; Texas-Louisiana Power Co. v. Webster, Tex.Civ. App., 59 S.W.2d 902, 907; Texas-Louisiana Power Co. v. Daniels, Tex.Civ.App., 61 S.W.2d 179, affirmed 127 Tex. 126, 91 S.W. 2d 302; Texas Pacific Coal & Oil Co. v. Bridges, Tex.Civ.App., 110 S.W.2d 1248, 1249, 1252; McGinty v. Texas Power & Light Co., Tex.Civ.App., 71 S.W.2d 354, 357.

The applicable rule has been summarized in one case as follows:

" * * * the possessor of the premises does not owe to the gratuitous licensee the duty of exercising reasonable care to discover the condition of the premises. Baird v. Goldberg, 283 Ky. 558, 142 S.W.2d 120. He does, nevertheless owe the licensee the duty of refraining from willfully or wantonly causing him injury or from committing active negligence resulting in his injury, and, if the harm caused to the gratuitous licensee is the result of a natural or artificial condition of the property, known to the possessor of the property and which he should realize involves an unreasonable risk to the licensee and has reason to believe that the licensee will not discover the condition or realize the risk, the possessor owes the licensee the duty to make the condition reasonably safe or to warn him of the condition and the risk involved therein." Kentucky & West Virginia Power Co. v. Stacy, 291 Ky. 325, 164 S.W.2d 537, 539, 170 A.L.R. 1.

 The plaintiff, Roberto Broussard, by his own testimony has proved that he had all knowledge that could have been received had he been warned by the licensor. The record shows that he arrived at the playground during the daytime, that he had seen the playground in front of the movie screen many times, that he knew exactly how the land was laid out, and that it was covered with gravel and rocks, that he knew that he might slip and stumble when running around, that he had the same experiences on the playground at school, that earlier in the evening he had actually seen the rock over which he stumbled, and that he knew the rock was there, but forgot about it. The child testified clearly and cogently about those matters, and the testimony establishes that he had full knowledge of and appreciated the exact danger. These admissions defeat any recovery. Houston National Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374.

The judgment is reversed and here rendered that the appellees take nothing.