THOMAS L. PICKARD, SR. *v.* CITY AND COUNTY OF HONOLULU, A MUNICIPAL CORPORATION.

No. 4679.

April 3, 1969.

RICHARDSON, C.J., MARUMOTO AND ABE, JJ., AND CIRCUIT JUDGE KING FOR LEVINSON, J., DISQUALIFIED, AND CIRCUIT JUDGE LUM ASSIGNED BY REASON OF VACANCY.

OPINION OF THE COURT BY RICHARDSON, C.J.

The undisputed facts are that on the evening of May 15, 1962, plaintiff-appellant went to the Hauula Courthouse and obtained permission to use the restroom from an officer on duty there. The restroom light switch was not working, but being familiar with the layout of the restroom, plaintiff proceeded into the room. He unexpectedly fell through a hole in the floor, suffering injuries for which he sought compensation from the defendant, for failure to exercise ordinary care in maintaining the premises in a safe condition and in providing adequate warning of the hazard in the unlighted restroom. Defendant contended that such duty was not owed to a mere licensee and in the alternative, that plaintiff was contributorily negligent when he entered the restroom in darkness and

when the entries were allegedly blocked by lumber and other objects.

The trial judge instructed the jury that plaintiff was a licensee as a matter of law and further instructed them that defendant's only duty was "not to harm him wilfully or wantonly, or to expose him to danger by active negligence." Plaintiff appeals from the order entering the verdict for defendant.

We first consider whether the trial court erred in ruling that the plaintiff was a licensee as a matter of law and therefore not entitled to defendant's duty of ordinary care.

We believe that the common law distinctions between classes of persons have no logical relationship to the exercise of reasonable care for the safety of others. We therefore hold that an occupier of land has a duty to use reasonable care for the safety of all persons reasonably anticipated to be upon the premises, regardless of the legal status of the individual.

We are cognizant of the fact that even the land which nurtured the common law rule has rejected the distinction between licensees and invitees. See *Occupiers' Liability Act*, 5 & 6 Eliz. 2, c. 3 (1957).

In the United States, the first significant rejection of the common law rule was propounded by the United States Supreme Court in *Kermarec* v. *Compagnie Generale Transatlantique*, 358 U.S. 625 (1959). The question raised was whether maritime law recognized the invitee-licensee distinctions. The Court replied at pp. 630-31:

"The distinctions which the common law draws between licensee and invitee were inherited from a culture deeply rooted to the land, a culture which traced many of its standards to a heritage of feudalism. In an effort to do justice in an industrialized urban society, with its complex economic and individual relationships, modern common-law courts have found it

necessary to formulate increasingly subtle verbal refinements, to create subclassifications among traditional common-law categories, and to delineate fine gradations in the standards of care which the landowner owes to each. Yet even within a single jurisdiction, the classifications and subclassifications bred by the common law have produced confusion and conflict. As new distinctions have been spawned, older ones have become obscured. Through this semantic morass the common law has moved, unevenly and with hesitation, towards 'imposing on owners and occupiers a single duty of reasonable care in all the circumstances.' "

The reason for abolition of the common law distinctions is compelling:

"A man's life or limb does not become less worthy of protection by the law nor a loss less worthy of compensation under the law because he has come upon the land of another without permission or with permission but without a business purpose. Reasonable people do not ordinarily vary their conduct depending upon such matters, and to focus upon the status of the injured party as a trespasser, licensee, or invitee in order to determine the question whether the landowner has a duty of care, is contrary to our modern social mores and humanitarian values. The common law rules obscure rather than illuminate the proper considerations which should govern determination of the question of duty." *Rowland* v. *Christian,* 70 Cal. Rptr. 97, 443 P.2d 561, 568 (1968).

Since plaintiff-appellant herein had the permission to use the restroom, defendant owed him the duty to exercise ordinary care in maintaining the premises in a safe condition and in warning him of known defects. The case must be remanded to determine whether defendant has breached this duty.

We do not reach the question of the correctness of the instructions on contributory negligence.

The case is remanded for a new trial.

*Samuel Landau* for plaintiff-appellant.

*Denis C. H. Leong,* Deputy Corporation Counsel (*Stanley Ling,* Corporation Counsel, with him on the brief), for defendant-appellee.