Myrtle E. ST. CLERGY et vir, Appellants,

v.

Charles F. NORTHCUTT, Appellee.

No. 7090.

Court of Civil Appeals of Texas.

Beaumont.

Oct. 23, 1969.

McCall & McCall, Hamshire, for appellants.

Strong, Pipkin, Nelson & Parker, Beaumont, for appellee.

STEPHENSON, Justice.

This is an appeal from a judgment granting defendant's motion for summary judgment. The parties will be referred to here as they were in the trial court.

Plaintiff, Myrtle E. St. Clergy, brought this action for damages against her son-in-law, defendant, Charles F. Northcutt. Her cause of action is for personal injuries she received when she slipped and fell on a throw rug in defendant's home.

Plaintiff alleged: That her injuries were received while she was spending the night as a guest in defendant's home. That because of polio in her childhood, plaintiff was partially disabled, and defendant knew of her condition. That her injuries were caused by the gross negligence and carelessness of defendant, in substance as follows: (a) failing to maintain the premises in a reasonably safe condition; (b) in placing a loose rug on a waxed floor; and (c) in failing to remove the rug.

Defendant filed his motion for summary judgment alleging: That there was no genuine issue of fact. That plaintiff was a social guest and, therefore, a gratuitous licensee in defendant's home at the time of this incident.

Certain portions of plaintiff's deposition were excerpted in this motion for summary judgment, showing: That plaintiff and her husband visited in the home of her daughter and son-in-law about six or eight times a year, and had been doing so "a good while." That she went to the bathroom and, upon returning to the bedroom, where she planned to sleep, she stepped on a throw run which slipped because of the wax and she fell to the floor. That all of the lights were on at the time she fell. She could tell wax was on the floor before she fell. She knew her daughter always kept it waxed. The throw rug she slipped

on was on the floor when plaintiff arrived that day.

Plaintiff filed an affidavit in reply to the motion for summary judgment, which contained the following two paragraphs:

"My name is Myrtle E. St. Clergy. I am the Plaintiff in the suit of Myrtle E. St. Clergy et vir, vs. Charles F. Northcutt, now pending in the District Court of Orange County, Texas, under file No. B–16,474. I have personal knowledge of the facts herein stated. I have read Plaintiff's first amended original petition filed in this cause, a copy of which is attached hereto and marked Exhibit 'A'; and the statements contained therein are true.

" 'This affiant further says in answer to the allegations in Defendant's unsworn motion for a summary judgment, that she did not know the location of the throw rug, which she stepped on and fell, until she entered the bedroom to place a glass of water, as she stated in her deposition. Further, this affiant says that Subsection "K" of Paragraph Eleven is untrue, and that she did not know the number, location, shape, color, texture, and size of the throw rugs in question before the fall.' "

■ Plaintiff's first point of error is that it was error to grant the motion for summary judgment because the pleadings raised a question of fact to be determined. The meaning of this point of error is not clear. Rule 166–A in paragraph (c) reads in part as follows:

"The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

We interpret this portion of the rule to mean that the fact issue must be raised by both the pleadings and the evidence where the movant urges depositions or admissions on file, or attaches affidavits to the motion for summary judgment. The mere fact a plaintiff has verified a cause of action as stated in his pleadings would not be a defense to a motion for summary judgment which is based upon evidentiary matters raised by a movant as provided in the rule. Rothchild v. Fannin Bank, 407 S.W.2d 878, 879 (Texarkana Tex.Civ.App., 1966, error ref., n. r. e.), and cases cited. We must assume this point of error is contending the affidavit, set out above, in which plaintiff swears she has read her first amended original petition and the statements were true, is a sufficient affidavit to raise genuine issues of fact. We have serious doubt as to the propriety of this form of affidavit. 4 McDonald, Texas Civil Practice, § 17.26.3(b) [1969 Cumulative Supp., p. 61]. The law in this state is clear that the affidavit must contain facts which are admissible in court. This plaintiff would not be permitted to testify upon the trial of a case that she had read her petition and the allegations were true. However, even were we to look to the allegations in such petition as being properly before us, plaintiff's point of error must be overruled.

■ The undisputed allegations and evidentiary matters show plaintiff was a "social guest" in defendant's home under either an expressed or implied invitation. This invitation does not make plaintiff an "invitee" as that term is used in the legal sense. A landowner owes an "invitee" the duty to exercise ordinary care to keep the premises in a reasonably safe condition so that he will not be injured, and to inspect the premises to discover any dangerous condition and take such steps as are necessary to prevent the invitee's injury. Genell, Inc. v. Flynn, 163 Tex. 632, 358 S.W.2d 543 (1962). But, a "social guest" is classified in law as a "licensee," and the defendant host owed her a duty not to injure her by willful, wanton or gross negligence. Weekes v. Kelley, 433 S.W.2d 769 (Eastland Tex.Civ.App., 1968, error ref., n. r. e.); Bass v. Cummings, 415 S.W.2d 438

**850**

(Amarillo Tex.Civ.App., 1967, error ref., n. r. e.) ; Crum v. Stasney, 404 S.W.2d 72 (Eastland Tex.Civ.App., 1966, no writ).

■ Even though plaintiff used the term "gross negligence" in describing the acts of defendant as causing this injury, those charges constituted no more than allegation of simple negligence. The excerpts from plaintiff's deposition reveal that the cause of this fall was a throw rug slipping on a waxed floor, and that plaintiff was aware that her daughter always kept the floor waxed, that wax was on the floor the day she fell and she was also aware the rug was on the floor before she fell. There is nothing in this record to raise a genuine issue of fact that defendant was guilty of gross negligence in any of the respects that plaintiff had alleged.

Plaintiff's second point of error is that the trial court erred in granting the motion for summary judgment because plaintiff had alleged facts which cast upon defendant a greater duty than ordinarily imposed by law for the protection of invitees.

■ Plaintiff alleged that as the result of polio in her childhood, she had partially lost the use of her right hand and right leg, rendering her incapable of protecting herself against the negligent acts she had alleged on the part of defendant, and that defendant knew of this partial disability. However, quotations from plaintiff's deposition show that even though she had polio at the age of three, she did not have any after effects or problems from the polio, and that polio had not kept her from doing anything. No genuine issue of fact was raised that plaintiff was so disabled at the time of this incident as would require the defendant to exercise toward this plaintiff a greater duty than ordinarily imposed by law for the protection of an invitee. The point is overruled.

Affirmed.