The STATE of Texas, Appellant,

v.

Judyth S. TENNISON et vir, Appellees.

No. 12042.

Court of Civil Appeals of Texas, Austin.

May 30, 1973.

Rehearing Denied June 20, 1973.

John L. Hill, Atty. Gen., Harry C. Green, Asst. Atty. Gen., Austin, for appellant.

Terry L. Weldon, Byrd, Davis, Eisenberg & Clark, Austin, for appellees.

PHILLIPS, Chief Justice.

Appellees brought this suit under the terms and provisions of the Texas Tort Claims Act, Article 6252-19, Vernon's Ann. Civil Statutes. The trial court rendered judgment for appellees, pursuant to which the State has perfected its appeal in this Court.

We affirm.

The State is before us on six points of error,[1] the first four, briefed together, relate to the failure of appellees to plead and prove any duty owed to appellees by appellant. We overrule these points.

Appellee, Judyth S. Tennison, while an employee of the State, fell in an anteroom near the entry of a state building on the premises of Camp Mabry in Austin. This building is owned and maintained by the State of Texas. Appellee's injury required a laminectomy to be performed, and shortly thereafter she contracted iliofemoral

---

1. Point of Error No. One: The trial court erred in overruling appellant's motion for judgment based upon the failure of appellee to plead or prove any violation of the duty owed to appellee by appellant; Point of Error No. Two: The trial court erred in its conclusion of law number 2, in that the rule of law used is that quoted by restatement, second, torts, sec. 342 and is not the law of this state concerning an occupier's duty to a licensee; Point of Error No. Three: The trial court erred in entering judgment for plaintiff-appellee because there is no pleading of a violation of the duty owed under sec. 18b of article 6252-19 of any willful, wanton or grossly negligent act or omission; Point of Error No. Four: The trial court erred in entering judgment for plaintiff-appellee because there is no evidence of any violation of the duty owed under sec. 18b of article 6252-19 of any willful, wanton or grossly negligent act or omission by appellant.

thrombophlebitis for which she was again hospitalized. As a consequence of the spinal surgery and the complications of phlebitis, appellee is seriously disabled and will require medical treatment for the rest of her life.

The gist of this lawsuit is the duty owed by the State to appellee, Judyth S. Tennison, under the Texas Tort Act according to the facts before us. The trial court overruled the State's motion for judgment based on the failure of any pleadings or proof of a violation of this duty and found that the duty of a licensor is measured by a standard of ordinary care, to warn the licensee of the condition or make the condition safe for the licensee. The standard of duty used by the trial court is that found in the Restatement of Torts, Second, Section 342.[2]

The State maintains that appellee, Judyth S. Tennison, was a licensee upon the premises and that under the doctrine announced in Carlisle v. J. Weingarten, Inc., 137 Tex. 220, 152 S.W.2d 1073 (1941) the only duty that licensor owes to a licensee is not to injure her willfully, wantonly or through gross negligence.[3]

The State further contends that the Act imposes no duty on the State due to a limitation of duty contained in Section 18(b) of art. 6252–19 V.C.S., to wit: "As to premise defects, the unit of government shall owe to any claimant only the duty owed by private persons to a licensee on private property . . ."

In its second conclusion of law the trial court established the State's liability as licensor as follows:

2. "A licensor is subject to liability for personal injuries to a licensee caused by a condition on the licensor's premises if:

A. The licensor knows or has reason to know the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that such licensees will not discover or realize the danger,

B. And the licensor fails to exercise reasonable care to make the condition safe or to warn the licensee of the condition and the risk involved, and

C. The licensee does not know or have reason to know of the condition or the risk involved."

■ It is well settled that the host of an invitee owes him a duty not only to warn or correct known dangerous conditions, but also a duty of reasonable *inspection* to discover those conditions, and that such a host is charged in law with knowledge of what a reasonable inspection would reveal. Genell, Inc. v. Flynn, 163 Tex. 632, 358 S.W.2d 543 (1962); Halepeska v. Callihan Interests, Inc., 371 S.W.2d 368 (Tex.1963).

The rule followed by the trial court in this case is much narrower. The comments of Section 342, Restatement Torts 2d, expressly withhold the duty of inspection from the host of a licensee. That is,

2. "The rule concerning the occupier's duty to licensees is formulated in Restatement, Second, Torts, § 342, as follows:
'Dangerous Conditions Known to Possessor

A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if,

(a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and,

(b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and

(c) the licensees do not know or have reason to know of the condition and the risk involved' "

3. Also see Chekanski v. Tex. & N. O. R. R. Co., 306 S.W.2d 935 (Tex.Civ.App.1957, writ ref. n. r. e.) ; Mendez v. Knights of Columbus Hall, 431 S.W.2d 29 (Tex.Civ. App.1968, no writ hist) ; St. Clergy v. Northcutt, 448 S.W.2d 847 (Tex.Civ.App. 1969, no writ hist.).

the host is under no obligation to inspect for the benefit or safety of his licensees, and is not charged with knowing what an inspection would reveal. The constructive knowledge charged to the host of a licensee, under Section 342, excludes knowledge which could be obtained through inspection.

The evidence before us discloses that a Mr. Bright, the person solely responsible for the maintenance of the floors of Building No. 14 for a number of years, did so in an unsafe manner. He was not provided by his superiors with proper instruction or materials, and he disregarded the instructions on those materials with which he was provided. The result is that gradually the floors became increasingly slick and dangerous, although that condition was not visible. Bright is charged with knowing that if he failed to add ammonia to the soap he used to remove the wax, as directed by instructions which came with the soap, then the soap was inadequate for the removal of the wax and the floor became extremely slippery. In addition, Bright plyed this surface with an oily mop which, according to expert testimony, "was one of the most dangerous things you can do." The result was that gradually the floors became increasingly slick and dangerous. Under the trial court's judgment, Bright is charged with the knowledge that such a pattern of maintenance created a dangerous condition.

 In Gonzalez v. Broussard, 274 S. W.2d 737 (Tex.Civ.App.1954, writ ref. n. r. e.) the San Antonio Court of Civil Appeals speaking through Judge Pope stated this rule as follows:

"The general rule is that a licensor owes a licensee a duty only with reference to wilful, active, or wanton negligence, *but there are exceptions to the rule. When the licensor has knowledge of a dangerous condition and the licensee does not, a duty arises on the part of the licensor to warn or make the condition reasonably safe.*" (Emphasis Added)

We hold that under this exception, the knowledge of the licensor would include constructive knowledge. Otherwise the exception would for the most part be self defeating. Any other ruling would allow the State to be cloaked in the ignorance of its agents and immune from liability unless it can be established that the employees had *actual* knowledge of the natural and obvious consequences of their own neglect. This would impose an impossible burden of proof, since this evidence can only be obtained by an admission from witnesses who may have a direct interest in the outcome of the litigation.

Consequently, we overrule appellant's points five and six [4] concerning the lack of actual knowledge of the dangerous condition on the part of the State or its servant.

The judgment of the trial court is affirmed.

Affirmed.

SHANNON, Justice.

I dissent.

Tex.Rev.Civ.Stat.Ann. art. 6252–19, § 18(b), provides, as to premise defects, that ". . . the unit of government shall owe to any claimant only the duty owed by private persons to a licensee on private property . . ." The question in the case is then, one of defining the duty owed by the licensor to a licensee.

---

4. *Points of Error No. Five:* The trial court erred in its findings of fact number 11, in that there is no evidence in the record to support such finding that the State of Texas or any servant thereof had knowledge of any dangerous condition of the floors of building 14 at Camp Mabry. Point of Error No. Six: The trial court erred in failing to find as a fact appellant's requested finding number 1, that neither the State of Texas nor any agent or employee thereof had actual knowledge of any slick or dangerous condition of the floor at Camp Mabry.

The trial court concluded, and the majority of this Court has agreed, that the duty to warn a licensee of a condition on the premises arises if the ". . . licensee knows or *has reason to know* of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that such licensees will not discover or realize the danger."[1] (emphasis added)

I am unable to agree that the above statement is the law in Texas. The general rule is that a licensor owes a licensee a duty only with references to wilful, active, or wanton negligence. Carlisle v. J. Weingarten, Inc., 137 Tex. 220, 152 S.W.2d 1073 (1941), Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609 (1950). An exception to the general rule is in that situation wherein the licensor has *knowledge* of a dangerous condition, and the licensee does not, a duty arises on the part of the licensor to warn or make the condition reasonably safe. Gonzalez v. Broussard, 274 S.W.2d 737 (Tex.Civ.App.1954, writ ref'd n. r. e.). See Bass v. Cummings, 415 S. W.2d 438 (Tex.Civ.App.1967, writ ref'd n. r. e.).

In Gonzalez, the danger to the licensee was *actually known* to the licensor. The licensee, a child, broke his leg when he stumbled over a rock located on a playground provided at the licensor's premises. Justice Pope in the opinion noted in that connection, "There also was proof that the owner knew of the presence of the rocks in the area; that he had on many occasions seen them . . ."

*Gonzalez* conforms to the generally recognized rule that the duty to warn licensees of dangerous conditions arises only in those instances wherein the licensor knows of the condition likely to cause injury. See Ford v. United States, 200 F.2d 272 (U.S.Ct. of App., 10th Cir., 1952), Berger v. Shapiro, 30 N.J. 89, 152 A.2d 20(1959), 55 A.L.R.2d 525, et seq., Prosser, Law of Torts, § 60, p. 380 (4th ed. 1971).

The duty imposed by § 342 of the Restatement of Torts 2d, and espoused by the majority, in effect, obliterates the common law distinctions between invitees and licensees and imposes on owners and occupiers a single duty of reasonable care under the circumstances. See Rowland v. Christian, 69 Cal.2d 108, 70 Cal.Rptr. 97, 443 P.2d 561, 569 (1968). In some states the courts have deliberately abolished those distinctions. Rowland v. Christian, *supra*, Pickard v. City and County of Honolulu, 51 Haw. 134, 452 P.2d 445 (1969), while other courts have retained them. Burns v. Turner Constr. Co., 402 F.2d 332 (U.S.Ct. of App., 1st Cir., 1968). See 32 A.L.R.3d 510, et seq. Such a change may, or may not, be desirable in Texas,[2] but it is not the office of this Court, nor the trial court, to approve such an abrupt departure from a rule so firmly established in the jurisprudence of this State. See Buchholz v. Steitz, 463 S.W.2d 451, 454 (Tex.Civ. App., 1971, writ ref'd n.r.e.). This is particularly so in this case in view of the fact that the Legislature must have had purpose in deliberately choosing to limit the liability of the State with respect to premise defects.

The judgment is bottomed upon the finding of fact by the trial court that, "The State of Texas, through its servants, knew or should have known of the dangerous conditions of the floors . . ." From a review of the evidence, I am of the opinion that the trial court could well have concluded that the State, through its serv-

1. The conclusion of law of the trial court concerning the licensor's duty to the licensee is obviously taken from American Law Institute, Restatement of the Law, Torts 2d, § 342 (1965).

2. Many legal scholars, Dean Page Keeton among them, believe that the distinctions between invitees and licensees should be abolished. Southern Methodist University; Keeton, Annual Survey of Texas Law, Torts, 25 S.W.L.J. 1, 5 (1971), see also the secondary materials cited in Rowland v. Christian, *supra*.

ants, *should have known* of that condition. However, that finding is inadequate to support the judgment, since a showing of actual knowledge is required. The record contains no evidence to support the finding that the State or its agents *knew* of the dangerous condition.

The law, defining the duty owed a licensee by a licensor, is clear; equally clear is the obligation of this Court to apply that law. I would reverse the judgment and render judgment for appellant.