WILLIAM FRIEDRICH, Plaintiff-Appellant, *v.* DEPARTMENT OF TRANSPORTATION, STATE OF HAWAII, Defendant-Appellee

NO. 5868

NOVEMBER 17, 1978

RICHARDSON, C.J., OGATA, MENOR AND KIDWELL, JJ., AND CIRCUIT JUDGE BURNS IN PLACE OF KOBAYASHI, J., DISQUALIFIED

OPINION OF THE COURT BY KIDWELL, J.

Plaintiff-appellant seeks to recover from the State for severe personal injuries suffered when he fell into shallow water from the State-owned pier at Hanalei, Kauai. In a bench trial, the circuit court found that the State had not failed in any duty toward appellant and entered judgment for the State. We affirm.

According to State records in evidence, the original Hanalei pier was built in 1912, with concrete piles and timber framing and decking. It was reconstructed in 1921 to consist of a 12' 6'' x 540' approach from the beach to a 32' 6'' x 72' 6'' pier, and reinforced concrete pile caps, beams and deck replaced the original woodwork. Appellant's accident occurred in 1973, at which time the pier was in a deteriorated condition and had been closed to vehicular traffic since 1966 but was permitted to be used by pedestrians. The trial court's findings with respect to the nature of the surface of the pier inform us only that in certain areas it consisted of rough concrete, but photographs in evidence make it appear that a portion of the interior of the pier was surfaced by sand in the location of old railroad tracks. There were guardrails near steps leading to a boat landing, but along the remainder of the perimeter of the pier and its approach, and at the point of appellant's accident, there were no guardrails. There was curbing along most of the edge of the pier but not at the place of the accident. There is no evidence of any prior injury resulting from falling, diving or jumping from the pier.

In 1961 a film company damaged the pier and left debris on the ocean floor around the pier. At that time the State erected a sign to the effect: "Pier Dangerous Use At Your Own Risk." Such damage and debris was corrected during 1961. No such sign was in place on the date of the accident. There were no signs warning that the water beside the pier was shallow.

The director of the state department of transportation was empowered by HRS § 266-3(c)(1) to promulgate rules and regulations governing shore waters, shores and beaches, which could include safety measures, requirements and practices. No regulations had been issued prior to the accident.

Prior to the accident, appellant had swum from and around the pier on several occasions, had walked out on the pier about five times and had lived in the area of Hanalei Bay for about two and one-half years. Appellant was aware that water would occasionally puddle or collect on the pier. On the day of the accident, appellant was walking slowly around the pier, wearing sandals with rubber soles which had worn smooth. He saw a puddle of water about four to six feet across, so situated that there was an unobstructed dry path in excess of twenty feet wide to the left of the puddle and a strip of dry cement surface about two to three feet wide to the right of the puddle extending to the edge of the pier. Appellant acknowledged that prior to the accident he had avoided stepping into puddles while walking on the pier wearing slippers because it would have been slippery and dangerous. Appellant attempted to pass the puddle along the right side by means of the narrow dry strip along the pier edge, stepped into the side of the puddle, slipped and fell over the edge of the pier. He struck his head on the ocean floor, breaking his neck and resulting in permanent paralysis below the neck.

Appellant attempts to establish liability on the part of the State as the result of its negligence and also its failure to issue regulations. Witnesses testified that the pier was in an unsafe condition for recreational use by reason of the lack of warning signs and guardrails. The trial court found the facts essentially as summarized above, and concluded that the State had not breached any duty of maintenance or care and had used

reasonable care to keep the pier reasonably safe for those persons reasonably anticipated to use the pier. The trial court also concluded that appellant had been negligent in choosing his path and that such negligence was equal to or in excess of any possible negligence on the part of the State.

Appellant's principal contention is that the evidentiary facts found by the court with respect to the condition of the pier do not support the trial court's conclusion that the State was not negligent and that appellant was negligent, and that the conclusion is erroneous as a matter of law. Appellant argues that the trial court failed to apply a correct definition of the State's duty of care toward him as a permitted user of the pier for recreational purposes. Although we are bound by the findings of fact, an erroneous conclusion of the trial court with respect to the duty owed by the State to appellant would be reviewable on appeal. *Ajirogi v. State*, 59 Haw. 515, 583 P.2d 980 (1978); Prosser, Torts at 289 (4th ed. 1971); Thode, Tort Analysis: Duty-Risk v. Proximate Cause and the Rational Allocation of Functions Between Judge and Jury, 1977 Utah L. Rev. 1.

In *Pickard v. City and County*, 51 Haw. 134, 452 P.2d 445 (1969), we rejected any distinction between licensees and invitees with respect to the duty owed by an occupier of land. The rule announced in that case, the applicability of which the State has not disputed, is that "an occupier of land has a duty to use reasonable care for the safety of all persons reasonably anticipated to be on the premises, regardless of the legal status of the individual." 51 Haw. at 135, 452 P.2d at 446.

The trial court characterized the risk of falling from the pier as an "obvious danger" which appellant realized or should have realized. There is no suggestion in the record that the hazardous conditions which appellant contends were negligently permitted to exist were more apparent to the State than to appellant. We find substantial evidence, including appellant's own testimony, to support the trial court's finding that the danger was in fact obvious to appellant, and that he

was fully aware, when he chose his path, both of the conditions which created the risk of his accident and of the risk that he might slip and fall if he stepped into the puddle.

The duty of care which the State, as an occupier of the premises, owed to appellant traditionally does not require the elimination of known or obvious hazards which appellant would reasonably be expected to avoid. Restatement (Second) of Torts § 343A (1965).[1] As we pointed out in *Geremia v. State*, 58 Haw. 502, 573 P.2d 107 (1977), if the State invited appellant to use the pier as a recreational facility, it assumed a duty to make apparent to appellant any dangers which its invitation otherwise would have impliedly represented to be nonexistent. The obviousness of a risk substitutes for an express warning and satisfies this obligation. Where the government maintains land upon which the public are invited and entitled to enter, it "may reasonably assume that members of the public will not be harmed by known or obvious dangers which are not extreme, and which any reasonable person

---

[1] The following analysis appears to us to be directly applicable:

People can hurt themselves on almost any condition of the premises. That is certainly true of an ordinary flight of stairs. But it takes more than this to make a condition *unreasonably* dangerous. If people who are likely to encounter a condition may be expected to take perfectly good care of themselves without further precautions, then the condition is not unreasonably dangerous because the likelihood of harm is slight. This is true of the flight of ordinary stairs in a usual place in the daylight. It is also true of ordinary curbing along a sidewalk, doors or windows in a house, counters in a store, stones and slopes in a New England field, and countless other things which are common in our everyday experience. It may also be true of less common and obvious conditions which lurk in a place where visitors would expect to find such dangers. The ordinary person can use or encounter all of these things safely if he is fully aware of their presence at the time. And if they have no unusual features and are in a place where he would naturally look for them, he may be expected to take care of himself if they are plainly visible. In such cases it is enough if the condition is obvious, or is made obvious (e.g., by illumination). The knowledge of the condition removes the sting of unreasonableness from any danger that lies in it, and obviousness may be relied on to supply knowledge. Hence the obvious character of the condition is incompatible with negligence in maintaining it. If plaintiff happens to be hurt by the condition, he is barred from recovery by lack of defendant's negligence towards him, no matter how careful plaintiff himself may have been. If an invitee has a cramp at the head of a flight of stairs and falls down it, his own freedom from fault will not help him to a recovery. 2 Harper and James, Torts, § 27.13 (1956).

exercising ordinary attention, perception, and intelligence could be expected to avoid.'' Restatement (Second) of Torts § 343A, Comment g (1965).

The general rule that there is no duty to warn of obvious dangers is qualified in situations where the dangers which were obvious under optimum conditions were excusably overlooked or where the obvious dangers could not readily be avoided. The first class of cases does not concern us here, since appellant did not in fact overlook the danger. The findings and the evidence make it equally clear that there were no circumstances which compelled appellant to expose himself to the known risk. The present case differs from *Levy v. Kimball*, 50 Haw. 497, 443 P.2d 142 (1968), upon which appellant chiefly relies. There the top of a seawall was in use as a public thoroughfare and the defendant State was held to be under a duty to maintain it in a condition safe for travel. At its best the seawall provided a footpath only two feet wide, and some sections were so badly deteriorated that there were only 13 inches in width of usable path. We said that maintenance of the seawall in a safe condition for travel required at least the installation of a handrail, the posting of warning signs or the closing of the seawall. The risk, although obvious, was not avoidable by a person using the seawall as a thoroughfare, for which purpose it was provided by the State. We need not consider whether the State owed a higher standard of duty to persons using the seawall as a thoroughfare than to persons using the Hanalei pier for recreation. The cases would not be parallel on their facts without the presence of sufficient width of safe walking surface to have permitted the plaintiff in *Levy v. Kimball* to choose between the risky edge of the seawall and safe passage further inland.

The trial court's conclusion of law that the State "used reasonable care to keep the Hanalei Pier reasonably safe for those persons reasonably anticipated to use said pier'' reflected an application of the correct rule of law and is supported by the trial court's findings of fact. Appellant contends that the findings were clearly erroneous and unsupported by substantial evidence. It is argued that the fact that the State

once posted a notice warning that the pier was unsafe placed a burden upon the State to establish its safe condition at the time of the accident. But there was evidence that the conditions which prompted the notice had been corrected and it was for the trial court to weigh the probative effect, if any, of the earlier posting of the notice. It is argued that there is much evidence of structural deterioration which the trial court expressly disregarded. But there is nothing to show any connection between the structural defects and appellant's injury. Although appellant suggests that deterioration in the condition of the cement surface of the pier might have contributed to appellant's slip and fall, there is nothing in the record to support the suggestion.

Finally, it is argued that the trial court was required to accept the expert testimony offered by appellant to the effect that the pier was not safe for recreational use. We need not consider what limitations may exist on the freedom of a trier of fact to reject uncontradicted expert testimony. Here the testimony offered by appellant went only to the question whether a guardrail or a warning sign was necessary to make the pier reasonably safe for sightseers. The opinion of appellant's experts on this issue dealt directly with an ultimate question which the trial court was required to decide as the trier of fact. We have said that such testimony is ordinarily inadmissible and in any event its admission is largely within the discretion of the trial court. *Sherry v. Asing,* 56 Haw. 135, 147-48, 531 P.2d 648, 657-58 (1975). Although the testimony was admitted by the trial court, the weight to be accorded to it was clearly to be determined by the court. We conclude that appellant's challenges to the findings of fact are without merit.

We fail to understand the linkage assumed by appellant between the alleged failure of the department of transportation to promulgate regulations pertaining to safety measures and the injury suffered by appellant. Had the pier been in other than State control, a relevant question might exist whether failure of the State to establish safety standards had contributed to the risk of injury. But the obligation of the State to use reasonable care for the safety of all persons reasonably

anticipated to be on the pier existed quite independently of its obligation, if any, to promulgate regulations defining the standards of safety. Such standards, had they been issued, might have been relevant to the question of what constituted reasonable care on the part of the State. The absence of regulations removes them from consideration on that question and such absence has no relevancy to the issues in this case.

The judgment is affirmed.

*Paul E. DiBianco (Hyman M. Greenstein* of counsel) for plaintiff-appellant.

*Bert T. Kobayashi, Jr. (Kobayashi, Koshiba & Watanabe* of counsel) for defendant-appellee.