756 F.2d 1407
 Richard K. ARMSTRONG, Personal Representative of the Estate
of Ross Kenneth Armstrong, and William Van Doren, Personal
Representative of Peter Patterson Deceased, Acting for and
on Behalf of Jean Patterson, and the Estate of Peter
Patterson, Appellants,
v.
UNITED STATES of America, Appellee.
 No. 84-3624.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Jan. 15, 1985.
Decided April 2, 1985.
 
 1
 Roger E. Henderson, Houston & Henderson, Anchorage, Alaska, for appellants.
 
 
 2
 James P. Piper, Richard Stone, U.S. Dept. of Justice, Washington, D.C., for appellee.
 
 
 3
 Appeal from the United States District Court for the District of Alaska.
 
 
 4
 Before WRIGHT and TANG, Circuit Judges, and CROCKER,* Senior District Judge.
 
 CROCKER, Senior District Judge:
 
 5
 Two light planes collided in mid-air at approximately 9:16 p.m. September 3, 1978 near Merrill Field in Anchorage, Alaska. Both pilots died and their authorized representatives brought suit under the Federal Tort Claims Act, 28 U.S.C. Secs. 1346 et seq., alleging that the air traffic controllers were negligent. The district court consolidated the cases for trial and entered judgment for the government. This appeal was timely filed and we have jurisdiction under 28 U.S.C. Sec. 1291.
 
 FACTS
 
 6
 At approximately 7:55 p.m. September 3, 1978, Peter Patterson, deceased, asked and received permission to fly from Homer, Alaska to Merrill Field in Anchorage, Alaska without an operating radio in his plane. Patterson did not indicate any problem with his aircraft's lights. He was instructed to circle Merrill Field above the traffic pattern altitude (at or above 1500 feet), check the wind tee to determine the runway in use, then to enter the pattern at 45 degrees to the downwind leg[1] and watch for a light from the tower which would be his permission to land. See 14 C.F.R. Sec. 91.77 (1984) (explanation of light signals). Peter Patterson departed Homer, Alaska at 8:00 p.m. and estimated his time of arrival to be 9:30 p.m. at Merrill Field. This information was teletyped from Homer, Alaska to Anchorage, Alaska.
 
 
 7
 At 9:12 p.m. at Merrill Field, a pilot who had been practicing touch-and-go landings asked and received permission from the controller to make a full stop. To provide adequate spacing for the full stop, Ross Kenneth Armstrong, the decedent, a student pilot who was also practicing touch-and-go landings, was instructed at 9:14 p.m. by the controller that the plane in front of him was making a full stop and that he was to make a right 360 degree turn. He was making this turn when his plane collided with the Patterson plane. Both Patterson and Armstrong were operating under Visual Flight Rules (VFR). See 14 C.F.R. Sec. 91.105 (1984).
 
 
 8
 The controller did not warn Armstrong of the Patterson plane because its estimated time of arrival was 9:30 p.m., and its presence had not been observed. Merrill Field was not equipped with radar for traffic control.
 
 
 9
 Appellants argue that the Patterson plane was "known" traffic within the meaning of paragraph 900 of the air traffic control manual because it had received permission to arrive without a radio giving rise to a duty under the manual to warn Armstrong of its presence. Appellants also contend that the controller was negligent to instruct a right 360 degree turn under the circumstances.
 
 STANDARD OF REVIEW
 
 10
 In this court, we treat negligence as a mixed question of law and fact and the determination of negligence requires the testing of particular facts against a predetermined standard of conduct. Miller v. United States, 587 F.2d 991 (9th Cir.1978). The existence and extent of a duty of care are questions of law but whether such a duty has been breached and whether proximate cause exists are questions for the fact finder, whose determination is binding on appeal unless clearly erroneous. Foss v. United States, 623 F.2d 104 (9th Cir.1980).
 
 DUTY UNDER THE MANUAL
 
 11
 Air traffic controllers have the duty to perform their required functions with reasonable care, Rudelson v. United States, 602 F.2d 1326 (9th Cir.1979), and to at least issue instructions and clearances in accordance with the air traffic control manual. Spaulding v. United States, 455 F.2d 222, 226 (9th Cir.1972).
 
 
 12
 Paragraph 900 of the air traffic control manual requires controllers to "provide airport traffic control service based only upon observed or known traffic and airport conditions." Manual page 123, Defendant's Exhibit A.
 
 
 13
 The evidence is uncontested that the controllers had not observed the Patterson plane and had no actual knowledge of its presence by radar or other means. However, appellants contend that it was "known" traffic because the controller had approved the no radio (NORDO) flight and its presence 15 minutes prior to estimated time of arrival was foreseeable.
 
 
 14
 The district court concluded the weight of the evidence showed that Patterson's plane entered the traffic pattern at Merrill Field at approximately "300 to 500 feet altitude" in "darkness ... totally unlighted" and "at least 15 minutes prior to its stated estimated time of arrival." Although there was some conflicting testimony, we affirm these factual findings. In sum, Patterson arrived early, below his assigned altitude and without lights.
 
 
 15
 Under these circumstances, the district court correctly concluded that Patterson's plane was not "known or observed traffic" within the meaning of the air traffic control manual. The controllers thus had no duty to warn of its presence under the manual.
 
 DUTY OUTSIDE OF THE MANUAL
 
 16
 Controllers have a duty also to warn of dangers reasonably apparent to them even if not required by regulation, policies or manual because they have a continuing duty to avoid accidents. See Rudelson, 602 F.2d at 1329. Appellants argue that the controller breached her duty here by giving the right 360 degree turn instruction.
 
 
 17
 A right 360 degree instruction is a typical and approved spacing maneuver and did not constitute negligence here because the controller reasonably believed no other plane was in the pattern when the instruction was given.
 
 
 18
 Appellants ask for remand to the district court for more specific findings of fact as required by Federal Rules of Civil Procedure 52(a).
 
 
 19
 Although the findings in this case are brief, they are adequate as they clearly set forth the facts upon which the court based its decision on all the contested issues and therefore remand is not necessary. Swanson v. Levy, 509 F.2d 859 (9th Cir.1975).
 
 
 20
 The district court applied the correct duty of care in this case and its finding that the controllers did not breach that duty or contribute to the proximate cause of the accident are not clearly erroneous.
 
 
 21
 Affirmed.
 
 
 
 *
 Of the Eastern District of California
 
 
 [1]
 The Merrill Field traffic pattern on that evening required pilots to proceed clockwise through legs of a rectangle surrounding Merrill Tower. The runway in use was the right or upwind leg. A pilot entering the downwind leg would be traveling parallel and to the left of the runway but in the opposite direction of planes landing. The pilot would then make a 90? turn to the base leg followed by another 90? turn to the final approach and straight in for landing