DANIEL KOLE and ANITA KOLE, Plaintiffs, *v.* AMFAC, INC., a Hawaii corporation, et al., Defendants

NO. 12125

(Civil No. 85-0504)

FEBRUARY 26, 1988

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, AND WAKATSUKI, JJ.

OPINION OF THE COURT BY WAKATSUKI, J.

Defendants Jim Gallagher ("Gallagher") and Mid-Continent Builders, Inc. ("Builders") are partners in defendant Mokulani Venture ("Venture"). Venture was the owner of Unit No. F303 of the Kaanapali Royal Condominium. Gallagher, acting on behalf of

Venture, leased the unit to plaintiffs Daniel Kole and Anita Kole ("the Koles"). While using the common swimming pool area of the condominium, Daniel Kole was struck and injured by a golf ball hit by a golfer playing on the adjacent Kaanapali Golf Course.

AMFAC, Inc., the owner of the golf course; Kaanapali Royal Associates, the general partnership operating the condominium; the Association of Apartment Owners of Kaanapali Royal, the condominium association managing the condominium project; and Gallagher, Builders, and Venture were sued by the Koles in the United States District Court for breach of duty to warn them of the hazardous condition in the swimming pool area.

Builders and Venture moved for summary judgment with Gallagher subsequently joining in the pending motion. They argued that as owners of the condominium unit, and not as members of the condominium association, they did not owe the Koles any duty to warn them of a known hazardous condition in the common swimming pool area.

The movants did not refute the material factual allegations of the Koles' complaint, but instead sought to prevail on the motion based solely on their claim of no duty to warn the Koles of a known hazardous condition in the common area. In view of movants' position, the district court assumed that 1) a dangerous condition existed in the common swimming pool area (the possibility of being struck by an errant golf ball), 2) the movants knew of this dangerous condition, 3) the movants knew that the condominium association was not warning tenants of the dangerous condition, 4) the movants did not warn the Koles of the dangerous condition, and 5) plaintiff Daniel Kole was struck by an errant golf ball as a proximate and reasonably foreseeable result of the dangerous condition.

The movants' motion raised the following legal question certified to this court, to-wit:

> Does the owner of a condominium unit, solely in its capacity as the owner of the unit and distinct from its capacity as a member of the governing condominium association, owe the lessee of said unit a duty to warn the lessee about a known hazardous condition in the condominium's common area?

We answer in the affirmative. We hold that the owner-lessor of a condominium unit has a duty, separate and distinct from any

obligation the owner may have as a member of the condominium association, to warn his lessee of a known hazardous condition in a common area of the condominium project.

The well-established rule is that a landlord has a duty to warn his tenant of dangerous conditions on the premises known to him but not obvious to nor readily discoverable by his tenant. *See* 49 Am. Jur. 2d., *Landlord and Tenant*, § 788 (1970).[1] *Cf. Friedrich v. Dep't of Transportation*, 60 Haw. 32, 586 P.2d 1037 (1978) (occupier of land has duty to warn persons coming on to land of known dangers not known by nor obvious to the latter).

This case, however, is not squarely governed by the above rule because the dangerous condition is located in a *common area* of the condominium project and not in the leased condominium unit. The common area is not wholly owned by any single individual condominium unit owner but is fractionally owned by all the unit owners of the project and the area may be used by all unit owners in accordance with its intended use. *See* Hawaii Revised Statutes (HRS) § 514A-13. The association of apartment owners through its board of directors exerts primary control over use and maintenance of the common areas, *see* HRS §§ 514A-13 & 514A-89, and obtains insurance to cover the common areas. HRS § 514A-86. No individual unit owner, therefore, has exclusive control over use and maintenance of the common areas.

Movants argue that as owners of the condominium unit, they do not have control over the swimming pool area (a common area), and therefore, they do not have a duty to warn the Koles of a known hazardous condition in the area. They note that as the unit owner, they do not have unilateral power and authority to remedy

---

[1] *Restatement (Second) of Property,* Landlord & Tenant § 17.1 (1977) provides:

(1) A landlord who conceals or fails to disclose to his tenant any condition, whether natural or artificial, which involves unreasonable risk of physical harm to persons on the leased property and which exists when the tenant takes possession, is subject to liability to the tenant and others upon the leased property with the consent of the tenant or his subtenant for physical harm caused by the condition after the tenant has taken possession, if: (a) the tenant does not know or have reason to know of the condition or the risk involved; and (b) the landlord knows or has reason to know of the condition, realizes or should realize the risk involved, and has reason to expect that the tenant will not discover the condition or realize the risk.

*See also Restatement (Second) of Torts* § 358 (1977).

a dangerous condition in the common area by, for example, restructuring the common area or repairing major defects there. Here, however, the claim for damages is not for failure to repair or to maintain the common area in a safe condition, but rather, for failure *to warn* the Koles of a known hazardous condition in the common area. Nothing precluded movants from warning the Koles of the hazardous condition in the swimming pool area. Moreover, movants knew of the dangerous condition at the time they rented the unit, and therefore, no hardship or expense in inspecting the common area is involved.[2]

Further, we have not restricted a defendant's duty to warn of hazardous conditions to areas under the defendant's control. In *Littleton v. State,* 66 Haw. 55, 656 P.2d 1336 (1982), we held that if the City, owner of park premises adjoining beach areas controlled by the State, "induced, or by its conduct invited" the plaintiff to use the adjoining beach areas, the City would then have been "under a duty to warn the plaintiff of dangerous conditions [in the adjoining areas controlled by the State] which were not known to her or obvious to persons of ordinary intelligence, and which either were known or in the exercise of reasonable care ought to have been known to the City." 66 Haw. at 68-69, 656 P.2d at 1345. *See also Tarshis v. Lahaina Investment Corp.,* 480 F.2d 1019 (9th Cir. 1973) (hotel has duty to warn guests of dangerous conditions in abutting ocean not under its control). By leasing their unit to the Koles, the movants clearly "invited" the Koles to make use of the swimming pool area because use of the common areas is part and parcel of any lease of a condominium unit. *See* HRS § 514A-13(b). Accordingly, the imposition on the unit owner-lessor of a duty to warn the lessee of a known hazardous condition in a common area would be consistent with *Littleton.*

Finally, the burden of meeting a duty to warn one's lessee of a known hazardous condition in a common area is minimal. For example, a simple and inexpensive notice left in a conspicuous place within the unit, or a verbal, or written warning to the lessee during negotiation of the lease would satisfy the "duty to warn."

---

[2] We are not presented with, and therefore, do not decide the question of whether a condominium unit owner has a duty to warn his tenant about a dangerous condition in a common area that the owner was unaware of but could have discovered by a reasonable inspection or inquiry.

*Robin M. Kishi (Walter Davis* and *Howard J. Gravelle* with her on the briefs of *Davis, Reid & Richards)* for Defendants Mokulani Venture and Mid-Continent Builders, Inc.

*James Krueger (Timothy P. McNulty* and *Magali V. Richter* with him on the briefs) for appellees.

On the brief:

*David Schulmeister (Stephen B. MacDonald* and *Patricia Uyehara Wong* with him on the briefs of *Cades, Schutte, Fleming & Wright)* for Defendant Amfac, Inc.

*Colleen K. Hirai* for Defendant Kaanapali Royal Associates.

*Victoria J. Chau* and *David W. Lo* on the brief for Defendant Association of Apartment Owners of Kaanapali Royal.

*Gaye L. Chun* and *Richard C. Sutton, Jr.* on the brief of *Rush, Moore, Craven, Kim & Stricklin,* for Defendant Jim Gallagher.