86 F.3d 1161
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Megan E. CHADWICK; Sturgis E. Chadwick, Plaintiffs-Appellees,
v.
UNITED STATES of America, Defendant-Appellant.
 No. 94-17089.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 9, 1996.
Decided May 30, 1996.
 
 Before: FLETCHER, D.W. NELSON, and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 The United States of America appeals a judgment entered in favor of Megan E. Chadwick and Sturgis Chadwick under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-80. The United States maintains that (1) the United States was not negligent, (2) plaintiffs were comparatively negligent, and (3) the amount of damages awarded was excessive. This Court has jurisdiction under 28 U.S.C. § 1291. We affirm.
 
 ANALYSIS
 
 3
 We will not repeat the facts here, which are largely uncontested, because the parties are familiar with them.
 
 I. Negligence of the United States
 
 4
 We review de novo the district court's determination regarding the existence and extent of the standard of care owed by the United States to the Chadwicks. See Armstrong v. United States, 756 F.2d 1407, 1409 (9th Cir.1985). Hawaii law does not distinguish between the landowner's duty to licensees and its duty to invitees; the United States owed a duty of reasonable care to the Chadwicks if it reasonably could have anticipated that they would enter the premises at night. See Pickard v. City and County of Honolulu, 452 P.2d 445, 446 (Haw.1969) ("occupier of land has a duty to use reasonable care for the safety of all persons reasonably anticipated to be upon the premises, regardless of the legal status of the individual").[1]
 
 
 5
 Although a postal worker testified that he had not seen anyone walk across the property in order to reach the road on the other side, and that he had no reason to believe that anyone came onto the property after dark, the district court emphasized that the accident took place in a tourist area. Access to the property was not restricted, and post office personnel were aware that people picnicked on the property. Therefore, we conclude that it was reasonably foreseeable that people might cross the property at night, and, hence, the United States owed a duty of care to the Chadwicks.
 
 
 6
 We review for clear error the remainder of the district court's findings of breach of duty of care, causation, and damages. See Vollendorff v. United States, 951 F.2d 215, 217 (9th Cir.1991) (findings of negligence are reviewed for clear error); see also Knodle v. Waikiki Gateway Hotel, Inc., 742 P.2d 377, 384-85 (Haw.1987) (discussing elements of negligence). The United States does not disagree with the finding of causation, but disputes the findings of breach of duty and damages.
 
 
 7
 The United States has breached its duty of care if it neither eliminated nor adequately warned of conditions on the land that posed a foreseeable and "unreasonable risk of harm." See Corbett v. Association of Apartment Owners, 772 P.2d 693, 695 (Haw.1989); Knodle, 742 P.2d at 384. The United States did not have a duty to warn of conditions that were "known or obvious dangers." See Friedrich v. Department of Transp., 586 P.2d 1037, 1040 (Haw.1978) (quotations omitted).
 
 
 8
 The district court determined that an "open, unprotected drainage ditch posed an unreasonable risk of harm to any individual who traversed the grassy parcel at night." The United States did not warn of the existence of the ditch or eliminate the danger of the ditch. The district court's finding that the United States breached its duty of care is not clearly erroneous, nor is the district court's ultimate conclusion that the United States was negligent.
 
 II. Comparative Negligence of the Chadwicks
 
 9
 The United States argues that the district court clearly erred in finding that the plaintiffs were not comparatively negligent. See Barnett v. Sea Land Service, Inc., 875 F.2d 741, 745-46 (9th Cir.1989).[2] The United States emphasizes that the Chadwicks had a duty to be observant and that the decreased visibility called for "increased vigilance." See Young v. Price, 388 P.2d 203, 208, 211 (Haw.1963), on reh'g, 395 P.2d 365 (Haw.1964).
 
 
 10
 The district court found that "[t]here was sufficient ambient light to proceed safely given a normal grassy area.... [A] reasonable person would have no reason to believe that the United States would place an open, unguarded, unlit drainage ditch in the middle of a grassy parcel in a tourist-populated section of Maui." This finding is not clearly erroneous.
 
 III. General Damages
 
 11
 The United States argues that the amount of general damages awarded was excessive and grossly disproportionate to the severity of plaintiffs' injuries. We review the district court's damage award for clear error. Trevino v. United States, 804 F.2d 1512, 1514-15 (9th Cir.1986), cert. denied, 484 U.S. 816 (1987).
 
 
 12
 The district court determined that $400,000 would reasonably compensate plaintiffs for their general damages. The district court's finding was not clearly erroneous. The Chadwicks presented considerable compelling evidence of the extent of their injuries and of the different types of injuries that Megan Chadwick, in particular, suffered as a result of the United State's negligence. Although the government cites several cases in which damage awards were smaller and the injuries suffered arguably more severe, we do not find the disparity to be so egregious or dramatically out of proportion as to leave us with a "definite and firm conviction that a mistake has been committed." See id. at 1515 (quotations omitted).
 
 
 13
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Under the FTCA, the United States is subject to liability following the substantive tort law of the place where the alleged tort occurred. 28 U.S.C. § 1346(b)
 
 
 [2]
 Hawaii has adopted a modified form of comparative negligence. If the plaintiffs failed to exercise due care, then the amount of their recovery is reduced proportionately to their degree of fault up to fifty percent. If the plaintiffs were more than fifty percent at fault, then recovery is precluded. Haw.Rev.Stat. § 663-31; Lopez v. Sears Roebuck & Co., 777 P.2d 715, 716 (Haw.1989)