**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000342
16-FEB-2024
07:59 AM
Dkt. 77 SO**

NO. CAAP-19-0000342

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


ANTONIO CUPO and DOROTHY WANG, Plaintiffs-Appellants,
v.
ALIOMANU SAND CASTLES, LLC, Defendant-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 5CC171000084)


**<u>SUMMARY DISPOSITION ORDER</u>**
(By: Leonard, Acting Chief Judge, Hiraoka and Wadsworth, JJ.)

Antonio **Cupo** and Dorothy **Wang**, representing themselves, appeal from the Final Judgment for **Aliomanu** Sand Castles, LLC entered by the Circuit Court of the Fifth Circuit on May 24, 2019.[1] They challenge the order granting Aliomanu's motion for summary judgment, entered on March 21, 2019. We vacate and remand for further proceedings.

Cupo and Wang filed a complaint against Aliomanu on May 30, 2017. They alleged that Aliomanu owned a property they leased for their wedding and honeymoon; Cupo was sitting in a chair on the property's deck when it broke; and Cupo was injured and was "deprived of the services and consortium of his wife," Wang. Aliomanu moved for summary judgment. The circuit court granted the motion and entered the Final Judgment. This appeal followed.

---

[1] The Honorable Kathleen K. Watanabe presided.

We review a grant of summary judgment de novo. <u>Nozawa v. Operating Engineers Local Union No. 3</u>, 142 Hawaiʻi 331, 338, 418 P.3d 1187, 1194 (2018). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. <u>Id.</u> at 342, 418 P.3d at 1198. A fact is material if it would establish or refute an essential element of a cause of action or defense. <u>Id.</u> The evidence is viewed in the light most favorable to the non-moving party. <u>Id.</u>

Aliomanu admitted owning the vacation rental. But it had a property management agreement with Coldwell Banker **Bali Hai** Realty. Aliomanu argues it "transferred the duty to maintain the premises" to Bali Hai. The existence of a duty is a question of law. <u>Winfrey v. GGP Ala Moana LLC</u>, 130 Hawaiʻi 262, 271, 308 P.3d 891, 900 (2013). A landowner has a duty to use reasonable care for the safety of all people reasonably anticipated to be upon the premises. <u>Doe v. Grosvenor Properties (Haw.) Ltd.</u>, 73 Haw. 158, 162-63, 829 P.2d 512, 515 (1992) (citing <u>Pickard v. City & Cnty. of Honolulu</u>, 51 Haw. 134, 135, 452 P.2d 445, 446 (1969)).[2] As a matter of law, Aliomanu cannot "transfer" or otherwise delegate its legal duty to an agent.

Aliomanu argues that it "cannot be found liable where it did not control the property at the time of the accident and where it did not have actual or constructive notice of the allegedly weathered condition of the molded plastic chair, nor an opportunity to correct it." "Where a private landowner is not in control of the activities occurring on her land, that landowner will not be liable for injuries occurring thereon." <u>Wemple ex rel. Dang v. Dahman</u>, 103 Hawaiʻi 385, 393, 83 P.3d 100, 108 (2004). Control is a question of fact. <u>Id.</u> at 394, 83 P.3d at 109.

---

[2] This case does not implicate Hawaii Revised Statutes § 520-3, part of the recreational use statute.

The property management agreement made Bali Hai Aliomanu's agent for managing the vacation rental. Bali Hai had to inspect the property before Cupo and Wang checked in "to ensure that the Premises and Inventory [defined as "the furniture and fixtures in the Premises"] are in good order and repair[.]" Aliomanu authorized Bali Hai to replace things such as the chair, at Aliomanu's expense, "subject to [Aliomanu]'s prior approval with respect to any expenditure in excess of $300.00[.]" Bali Hai could also make emergency repairs to fulfill Aliomanu's obligations to a renter. Aliomanu's manager Eric Taylor's affidavit states that had Bali Hai told Aliomanu about a degraded hard plastic chair (which is "Inventory" under the management agreement) being on the property, Aliomanu "would have given immediate instruction to throw such an ill-becoming hard plastic chair away without replacing it." Viewed in the light most favorable to Cupo and Wang, that shows control. On this record, there was a genuine issue of material fact over whether, and if so how much, control Aliomanu had over its vacation rental property — specifically, the chair. Wemple ex rel. Dang, 103 Hawaiʻi at 394, 83 P.3d at 109. The circuit court erred by granting Aliomanu's motion for summary judgment.

A principal can also be vicariously liable for its agent's negligence within the scope of the agent's authority under the theory of respondeat superior. State v. Hoshijo ex rel. White, 102 Hawaiʻi 307, 319, 76 P.3d 550, 562 (2003). Whether an agent was acting within the scope of its authority is a question of fact. Id.

The "Order Granting Defendant Aliomanu Sand Castles, LLC's Motion for Summary Judgment[,]" entered on March 21, 2019, and the "Final Judgment" entered on May 24, 2019, are vacated,

3

and this case is remanded for further proceedings consistent with this summary disposition order.

DATED:  Honolulu, Hawaiʻi, February 16, 2024.

On the briefs:

Antonio Cupo and Dorothy
Wang, Self-represented
Plaintiffs-Appellants.

Steven L. Goto,
for Defendant-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge