MARY HARRIS, Plaintiff-Appellant, *v*. STATE OF HAWAII, Defendant-Appellee

NO. 6678

JANUARY 29, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

OPINION OF THE COURT BY HAYASHI, C.J.

This is an appeal from the judgment in favor of Defendant-Appellee State of Hawaii in a negligence action brought by a resident-patient of the Waipa Ward at Kaneohe

State Hospital for injuries suffered on the premises on two separate occasions.

At issue is (1) whether the State can be held liable in a negligence action for injuries suffered on its premises without its having been put on notice of the alleged dangerous conditions and (2) whether the findings of fact entered by the trial court are so clearly erroneous as to warrant reversal.

Mary Harris was involuntarily committed to Kaneohe State Hospital in November, 1973 for treatment of alcoholism. She was subsequently transferred to the Waipa Ward at Kaneohe State Hospital, a division exclusively for the care and treatment of recovering alcoholics. At that time, there were approximately 18 to 20 people in the ward in various stages of recovering from alcoholism. It is operated by Alcoholics Anonymous, a national organization devoted to the treatment of alcoholism. As part of its rehabilitative program, the residents-patients of Waipa Ward *inter alia* assumed responsibility for keeping the premises clean and presentable and meal preparations. There is evidence that these responsibilities included daily mopping of the floors and the cleaning of the bathroom facilities as well as washing dishes after meals. Some groundswork was also done by the patients under supervision by State employees. The tasks were divided among the residents-patients. Heavy maintenance of the facility including painting, electrical work, carpentry, grounds upkeep and movement of furniture was done by employees of the State of Hawaii upon request to the State's maintenance clerk, by the patients or the resident manager, who was usually a former patient.

In July of 1974, the appellant broke her knee when she slipped and fell on the floor near the water cooler as she was walking across the corridor to the dining area to wipe off a table. She was hospitalized for approximately one week and underwent surgery. She was returned to Kaneohe State Hospital where she remained in a cast for a month and was confined to a wheelchair. She eventually progressed in her treatment until she was able to walk assisted by a cane. However, in December of 1974 on the evening of her discharge, as she was walking towards an automobile while

being assisted by another patient (who died prior to trial), she apparently slipped and fell in the parking lot and sustained additional injuries, breaking her leg and elbow. This action was brought seeking damages from the State of Hawaii for negligently causing the injuries incurred by the appellant in the two falls. At the close of the plaintiff's case, the State filed a Rule 41(b), Hawaii Rules of Civil Procedures (HRCP), motion to dismiss.[1] The trial court granted the motion and entered its findings of fact and judgment thereon. Appeal is taken from that judgment.

Appellant argues that the State of Hawaii is liable in negligence for the appellant's injuries because (1) the State improperly delegated its duty to exercise reasonable care for the safety of the appellant through its agreement with Alcoholics Anonymous; (2) the trial court erred in concluding that the appellant was negligent in the manner in which she proceeded across the parking lot; and (3) the water cooler was negligently located. Appellant contends that it was the State's duty to keep the floor around the water cooler in a clean and safe condition irrespective of any arrangement it had with Alcoholics Anonymous; that it was likewise the State's duty to ensure that the parking lot floodlights were lit and that the State breached its duty of care to the appellant in these two instances, and said breach proximately caused appellant's dual injuries. We disagree.

---

[1] HRCP 41(b) states:

*Involuntary Dismissal: Effect Thereof.* For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal, of an action or of any claim against him. After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a). Unless the court in its order for dismissal otherwise specifies a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

To support recovery in an action where an owner or occupant is charged with negligence, it must be shown that the owner or occupant knows or should have known of the hazard or defect which caused the injury. Liability cannot be imposed where a landlord or an owner or occupant of premises has not been put on actual or constructive notice of the unsafe condition or defect that causes plaintiff injury. 62 Am. Jr.2d, *Premises Liability* § 27 at 258 and cases cited therein. *See also, Kellett v. City & County of Honolulu,* 35 Haw. 447 (1940); *McCrorey v. Heilpern,* 170 Conn. 220, 365 A.2d 1057 (1976); *Young v. Mager,* 41 Ohio App.2d 60, 322 N.E.2d 130 (1974). Further, negligence law does not require an owner or occupant to be an insurer against all accidents that occur on the premises. Generally, no liability is incurred for every "trivial departure from perfection." 62 Am. Jur.2d, *Premises Liability* § 23 at 254.

Our supreme court has held that in a negligence action against the State, the duty of care which the State, as an occupier of the premises owed to the appellant does not require the elimination of known or obvious hazards which are not extremes and which appellant would reasonably be expected to avoid. *Freidrich v. Department of Transportation,* 60 Haw. 32, 586 P.2d 1037 (1978).

In her first fall, appellant claimed to have slipped on water that came from the water cooler. No evidence was presented as to the length of time the water was on the floor nor was there any showing that the water on the floor created a dangerous condition that the State knew or should have known would result in injury to someone. There is, however, further evidence that the upkeep of the floors — mopping and waxing — was undertaken by the residents-patients as part of their therapy in the Alcoholics Anonymous program. Maintenance and repair work that was done in Waipa Ward by State employees was done only upon work request orders submitted to the State's maintenance clerk. The maintenance clerk's records admitted into evidence reveal that no request had ever been submitted for the cleaning of the floors in Waipa Ward. To accept appellant's contention would place the State and all other owner and occupiers in the position of

insurers for all persons coming upon the premises. This view goes far beyond the scope of recovery for negligence. Therefore, we cannot hold the State liable in negligence for appellant's injury in July, 1974.

The same holds true for the fall in the parking lot in December, 1974. There is no evidence that the State knew or should have known that any of the four floodlights were burned out nor is there any evidence as to how long the lights had been burned out. There is nothing in the record to indicate that the State was put on notice that the burned out light presented an unreasonably dangerous condition. The evidence shows that the lot was dimly lit and that the pavement was wet. Earlier in the afternoon appellant had been discharged from the facility but had remained on the premises to attend an Alcoholics Anonymous meeting. That evening the parking lot was full and approximately 75 persons attended this meeting. No one reported the dimly lit lot to any State official as creating an unreasonably dangerous condition. In her fall, plaintiff claims that because of the inadequate lighting, she did not see the curb over which she tripped. At the time plaintiff fell, she was being escorted across the parking lot by one Walter Lunden who was giving her support by holding tightly to appellant's left arm. At a point just before the curb over which appellant claimed she tripped, Walter Lunden released his grip on her left arm at which time appellant fell to the ground. George Ho, the individual who had come to pick up appellant, acknowledged that he saw the curb when he went to assist appellant even though the lot was dimly lit. Thus, even conceding the State's duty to maintain light fixtures, no unreasonably dangerous condition was present on the night appellant was injured. Absent evidence that it knew or should have known of the poor lighting and that such lighting created an unreasonably dangerous condition, the State is not liable for the appellant's failure to traverse the parking lot in a careful manner.

Appellant's brief spends a considerable amount of time classifying the legal status of the injured party as determinative of the duty of care owed appellant. However, in light of the decisions in *Pickard v. City & County of Honolulu*, 51

Haw. 134, 452 P.2d 445 (1969) and *Gibo v. City & County of Honolulu,* 51 Haw. 299, 459 P.2d 198 (1969) abolishing the distinction between licensees and invitees and our conclusion here that appellant's evidence was insufficient to support recovery for negligence, we need not address that argument.

The court, pursuant to Rule 41(b) entered its findings of fact and judgment thereon. On review, findings of fact are not to be set aside unless they are clearly erroneous. Rule 52(a), HRCP; *Lennen & Newell v. Clark Enterprises,* 51 Haw. 233, 456 P.2d 231 (1969); *Shoemaker v. Takai,* 57 Haw. 599, 561 P.2d 1286 (1977). The burden is on appellant to pursuade the reviewing court that the factual finding of a judge was clearly erroneous. We have reviewed the record before us and are not left with a definite and firm conviction that any mistake has been made by the trial court. Accordingly, the judgment is affirmed.

*Alexander C. Marrack (John H. R. Plews* on the briefs, *Hoddick, Reinwald, O'Connor & Marrack* of counsel) for plaintiff-appellant.

*Richard Marshall (Leighton Kim Oshima* on the brief), Deputy Attorney General, for defendant-appellee.