MILDRED HASCUP, Plaintiff-Appellee, *v.* THE CITY AND COUNTY OF HONOLULU, A Municipal Corporation, Defendant-Appellant

NO. 7643

CIVIL NO. 54442

JANUARY 11, 1982

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam.* The City and County of Honolulu (City) appeals a jury verdict against it for negligence and raises three specifications of error to this court: (1) that the trial court erred in failing to grant its motion for directed verdict; (2) that the trial court erred in modifying its version of verdict form that would have required the jury to first find the existence of a dangerous condition; and (3) that the trial court erred in refusing to hear the testimony of a former

deputy corporation counsel offered for impeachment purposes only.

On the morning of July 11, 1976, Plaintiff Mildred Hascup and her daughter, tourists from New Jersey, were walking along Lewers Street in the Waikiki area of Honolulu en route to breakfast at a nearby restaurant. At a point along Lewers Street, Hascup's heel caught in a hole in the sidewalk, causing her to fall. She sustained serious injuries to her ankle, requiring her to be hospitalized here in Honolulu at Queen's Medical Center for nearly seventeen days. Upon her return to New Jersey, she underwent an extensive rehabilitative period and by the time of trial, was apparently still suffering from some of its effects. Hascup was seventy-three at the time of the fall.

The day following her fall, Hascup's daughter, Mildred Prinjinski, returned to the scene of the fall and took pictures of the hole in the sidewalk.

Hascup filed this action against the City in April 1978. Jury trial in the matter was conducted in September 1979.

At trial, two of the photos were admitted into evidence, as was the testimony of the City's building inspector, Richard Onomoto. Onomoto testified that his duties included, *inter alia*, the inspection of City sidewalks in the Lewers Street area during the time in question and roughly estimated that he was in the area at least twice a week during the year preceding Hascup's fall — usually driving. When shown the photographs, he stated he would have ordered a hole of that size to be repaired.

At the close of Hascup's case, the City moved for directed verdict on the basis that the photos were insufficient evidence from which a jury could infer that the City had constructive notice of the defect in question, citing *Kellett v. City and County of Honolulu*, 35 Haw. 447 (1940).[1] The court denied the motion. The jury subsequently re-

---

[1] It is the duty of a municipal corporation to keep its streets and sidewalks in a reasonably safe condition, and, if a defect has existed in a sidewalk for such a length of time that by reasonable diligence in the performance of their duties the defect ought to have been known by the proper authorities, notice will be presumed and proof of actual knowledge will not be necessary in order to render the municipality liable for injuries occasioned thereby.*** The length of time it is necessary that such a defect exist in order for an inference of notice to arise is ordinarily a question for the jury. . . .
35 Haw. at 457.

turned a verdict in favor of the plaintiff in the amount of $67,000.

The City argues that the court committed reversible error in denying its motion for directed verdict pursuant to *Kellett.* It argues that *Kellett* requires the plaintiff to establish that the hole existed for a "length of time" sufficient for the City to have been able to discover and correct it before it can be held to have had constructive notice of the defect; that the photographs, alone, are an insufficient basis for the jury to infer length of time.

On appeal of the denial of a motion for directed verdict, the courts in Hawaii have said:

> A directed verdict may be granted only when after disregarding conflicting evidence, giving to the plaintiff's evidence all the value to which it is legally entitled, and indulging every legitimate inference which may be drawn from the evidence in plaintiff's favor, it can be said *that there is no evidence to support a jury verdict in his favor.* [Emphasis added.]

*Farrior v. Payton,* 57 Haw. 620, 562 P.2d 779 (1977); *Stewart v. Budget Rent-A-Car Corp.,* 52 Haw. 71, 470 P.2d 240 (1970); *Cafarella v. Char,* 1 Haw. App. 142, 615 P.2d 763 (1980); *Wesco Realty v. Cameron,* 1 Haw. App. 89, 614 P.2d 399 (1980).

The length of time a defect must exist before it can be inferred that a municipality is put on constructive notice is ordinarily a question for the jury. *Kellett v. City and County of Honolulu, supra,* at 457. In *Kellett,* the court in reversing the plaintiff's judgment found that there was a complete absence of evidence to support any inference of constructive notice to the city of a broken traffic sign.[2] In this case before us, the jury had for its consideration the photos of the hole in question and the testimony of the City inspector that the area was patrolled regularly (though by car) and that the hole was one which he would have ordered repaired.[3]

Contrary to the case law urged upon us by the City, we do not agree that the jury (composed of reasonable minds), looking at the photos of the cracks and hole in the sidewalk and hearing the City inspector's testimony, could not reasonably infer that the defect

---

[2] *See also Harris v. State,* 1 Haw. App. 554, 623 P.2d 446 (1981).

[3] At oral argument, Hascup's counsel stated that one of the jurors was a construction worker.

existed for a sufficient length of time for the City to have had an opportunity to observe and remedy the condition. We find no error in denying the motion for directed verdict.

The City argues that the court erred in refusing to permit a former deputy corporation counsel to testify that at some point prior to the initiation of formal discovery the plaintiff had submitted the wrong photographs as representative of the hole in which she stumbled.[4] We find the City's argument meritless. It made no attempt to introduce such evidence during cross-examination. It did not deny the validity of the photos in evidence. Consequently, it has failed to establish that the court abused its discretion in refusing to admit this testimony. *See State v. Faulkner*, 1 Haw. App. 651, 624 P.2d 940 (1981), wherein we held that the admissibility of impeaching evidence, generally, is within the court's discretion and would not be overturned on appeal absent a showing of clear abuse.

Finally, the City argues that the court committed reversible error in modifying the City's special verdict form by excluding the paragraph requiring the jury to determine at the outset whether a dangerous condition existed. We find no merit to this argument, as the finding of a dangerous condition was the *sine qua non* of this case and the jury was adequately instructed on that question.

Judgment is affirmed.

*Faye M. Koyanagi*, Deputy Corporation Counsel, (*John W. K. Chang* on the briefs) for defendant-appellant.

*Louis K. Wai* for plaintiff-appellee.

---

[4] Present counsel for City was not positive whether photos were given to the former deputy pursuant to formal discovery or during informal talk between counsel prior to the filing of the lawsuit.