MARGARET CORBETT, Plaintiff–Appellant, v. ASSOCIATION OF APARTMENT OWNERS OF WAILUA BAYVIEW APARTMENTS, Defendant–Appellee

NO. 12957

(CIV. NO. 86–0047)

MAY 2, 1989

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, AND WAKATSUKI, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from a judgment in favor of the defendant/possessor of land pursuant to a jury verdict, in a slip–and–fall case.

Appellant Margaret Corbett allegedly injured herself when she stepped off of a paved sidewalk on appellee's premises and fell. She claims that the cause of her fall was the four– or five–inch difference in height between the paved sidewalk and the adjoining lawn.

The appeal is based upon claimed error in the giving of defendant's proposed jury instructions 38, 40 and 41 over her objection.

Those three instructions read as follows:

### DEFENDANT'S PROPOSED INSTRUCTION NO. 38

People can hurt themselves on almost any condition of the premises. But it takes more than this to make a condition unreasonably dangerous. If people who are likely to encounter a condition may be expected to take perfectly good care of themselves without further precautions, then the condition is not unreasonably dangerous because the likelihood of harm is slight.

### DEFENDANT'S PROPOSED INSTRUCTION NO. 40

"Actual notice" means that the defendant actually knew the condition was unreasonably dangerous. "Constructive notice" of an unreasonably dangerous condition arises by operation of law and may be inferred if the facts indicate a reasonably prudent person would have discovered the dangerous condition in time to remedy it or give warning before the injury occurred.

### DEFENDANT'S PROPOSED INSTRUCTION NO. 41

In determining whether the condition was unreasonably dangerous and whether the defendant had actual or constructive notice of the condition, you may consider evidence of the absence of prior accidents or occurrences.

The phrase "unreasonably dangerous" is used five times in these three instructions. Appellant contends, and we agree, that for the purposes of jury instructions, that term is misleading, and should not have been used.

The legal question, of the scope of the duty of a possessor of the land, toward those who come onto the land, with respect to conditions on the land, is a matter with which the courts have had great difficulty in dealing, and which has resulted in many jurisdictions in very complex rules based on the particular status of the person coming on the land. See, for example, 2 *Restatement of Torts (Second)* §§ 328E through 350, at 170–233 (1965). Some years ago, this court broke with the common–law tradition of classifying the scope of the possessor's duty by the status of the persons injured as invitees, licensees, etc. *Pickard v. City & County*, 51 Haw. 134, 452 P.2d 445 (1969); *Gibo v. City & County*, 51 Haw. 299, 459 P.2d 198 (1969).

However, in discussing the land possessor's negligence in other cases we have, in various contexts, used the term "condition unreasonably dangerous" (*Friedrich v. Department of Transp.*, 60 Haw. 32, 36 n.1, 586 P.2d 1037, 1040 n.1 (1978)); "dangerous conditions" (*Littleton v. State*, 66 Haw. 55, 69, 656 P.2d 1336, 1345 (1982)); and "extremely dangerous conditions" (*Kaczmarczyk v. City & County*, 65 Haw. 612, 615, 656 P.2d 89, 92 (1982)).

Likewise, the Intermediate Court of Appeals of the State of Hawaii has used "unreasonably dangerous condition" (*Harris v. State*, 1 Haw. App. 554, 558, 623 P.2d 446, 449 (1981)) and "dangerous condition" (*Hascup v. City & County*, 2 Haw. App. 639, 642, 638 P.2d 870, 873 (1982)). Textual writers also have used the term "unreasonably dangerous" (2 Harper & James, *Torts* § 27.13 (1956)).

In our view, the substance of our many cases, dealing with possessors of land, and their duty toward persons using the land, is that, if a condition exists upon the land which poses an unreasonable risk of harm to persons using the land, then the possessor of the land, if the possessor knows, or should have known of the unreasonable risk, owes a duty to the persons using the land to take reasonable steps to eliminate the unreasonable risk, or adequately to warn the users against it.

Our past discussions of this matter, and the terms used therein, were made in the context of the facts in those cases, but were not discussions of the proper wording of jury instructions.

As we have pointed out in earlier decisions, a direct quotation of language from an opinion is not always a good basis for a jury instruction. The question here is whether the use, five times, of the term "unreasonably dangerous," applied to the condition of the land, in the three instructions quoted, is the equivalent of the proper test for negligence of the possessor which we have stated above. We conclude that it is not.

The focus of the test for negligence should be, and, in the case of jury instructions, must be, on the unreasonableness of the risk of harm, not on the degree of dangerousness of the condition.

A jury might, and probably would, regard the four– to five–inch difference in height between the sidewalk and the adjoining lawn as not "unreasonably dangerous" but it might find that, in the circumstances of the case, it posed an unreasonable risk of harm.

In our view, the instructions, as worded, required the jury to find that the condition was "unreasonably dangerous," before it considered the unreasonableness of the risk of harm, and were thus misleading. Reversed and remanded for a new trial.

*Douglas R. Spencer (Teresa S. Tico* on the opening brief) for appellant.

*Jeffrey S. Portnoy (Peter W. Olson* with him on the brief; Cades Schutte Fleming & Wright, of counsel) for appellee.