MICHAEL CHAU, ALICE CHAU, Plaintiffs-Appellants,
v.
MYONG-OK LEE, Defendant-Appellee.
No. 28376.
Intermediate Court of Appeals of Hawaii.
June 27, 2008.
On the briefs:
Wing C. Ng, for Plaintiff-Appellant.
Gary S. Miyamoto, (Ayabe, Chong, Nishimoto, Sia & Nakamura), for Defendant-Appellee.

SUMMARY DISPOSITION ORDER
RECKTENWALD, Chief Judge, NAKAMURA, and FUJISE, JJ.
Plaintiff-Appellants Michael Chau and Alice Chau (the Chaus) appeal from the "Order Granting Defendant's Motion for Summary Judgment Filed November 15, 2006" (Summary Judgment Order), which was filed on December 20, 2006, in the District Court of the First Circuit (district court).[1] The Chaus lived in a condominium unit that was two floors directly below the unit owned and occupied by Defendant-Appellee Myong-Ok Lee (Lee). The Chaus allege that water leaking from Lee's water heater caused damage to their apartment. They further allege that they discovered water flowing into their apartment at about 10:15 p.m. on October 15, 2006, that Lee was notified that her water heater was leaking by at least 4:00 p.m. on October 16, 2006, but that Lee did not have the leak repaired until 11:45 a.m. on October 17, 2006. The Chaus filed a complaint in district court against Lee seeking compensation for the water damage to their property as well as punitive damages.
Lee moved for summary judgment, arguing that she could not be liable for negligence since she had no prior notice that her water heater would fail. The district court granted Lee's motion for summary judgment, finding in relevant part that Lee "did not receive notice before this incident that her water heater would fail and/or leak water."
We conclude that in granting summary judgment, the district court erred in focusing only on whether Lee had received notice that her water heater would fail before the incident. Whether Lee was negligent depended not only on whether she had prior notice that her water heater would fail, but whether she acted reasonably once she received notice that her water heater had failed and was leaking. We conclude that there were genuine issues of material fact regarding whether Lee acted reasonably to stop the leak once she was notified that her water heater was leaking. Accordingly, we hold that the district court erred in granting summary judgment as to all claims in the Chaus' complaint.[2]

I.
Lee resided on the twelfth floor in unit 1204 and the Chaus resided on the tenth floor in unit 1004 of the Barclay Condominium. The Chaus, proceeding pro se, filed a complaint alleging that Lee "intentionally and/or negligently" damaged the Chaus' property, and the Chaus sought compensatory and punitive damages against Lee for water damage to their apartment.
Lee moved for summary judgment. She argued that, as a matter of law, she could not be liable for negligence because she "did not receive prior notice that her water heater would fail" and "there were no incidents of prior leaks or water heater failures." Lee further argued that the Chaus' punitive damages claim should be dismissed because there was no clear and convincing evidence that she intended to harm the Chaus or had acted recklessly or wantonly. In support of the summary judgment motion, Lee submitted her affidavit in which she stated in relevant part:
7. The water heater in my apartment operated properly from the time I purchased the apartment through October 16, 2006 when this incident occurred.
8. I was surprised by this incident. There were no other occasions in which water leaked from my water heater from the time that I purchased the apartment through October 16, 2006 when this incident occurred.
9. I did not have reason to know the water heater would fail and damage another apartment.
10. I did not feel any hatred towards [the Chaus] before or after this incident. I did not intend to harm them.
The Chaus, having retained counsel, filed an opposition to Lee's summary judgment motion. In their memorandum in opposition, the Chaus alleged:
[The Chaus] discovered water leak on October 15, 2006 at approximately 10:15 p.m. [The Chaus] notified [Lee] at least by midday of October 16, 2006. At about 4 p.m. that same day, [Lee] "decided not to do anything even though the plumber was available and her own insurance agent told her to act immediately."
The Chaus attached three exhibits to their memorandum in opposition: 1) an unsigned statement of Michael Chau (Exhibit 1); 2) a Manager's Incident Report, which was signed by the resident manager of the Barclay Condominium but not subscribed to as true under penalty of law (Exhibit 2); and 3) a letter from Lee's insurance carrier (Exhibit 3). Also attached to the memorandum in opposition was a Declaration of Michael Chau, signed under penalty of perjury, in which he stated that "Exhibit 1 is true and correct, to the best of his knowledge, and that Exhibit[s] 2, 3 are a true copy of the original."
In his unsigned statement, Michael Chau said that sometime after 11:30 a.m. on October 16, 2006, he called Lee's unit, spoke to Lee's son, explained the problem to the son, told the son it was an emergency, and instructed the son to call his parents right away. The resident manager's statement noted that the resident manager met with Lee and her insurance agent in the afternoon on October 16, 2006, that the insurance agent and plumber, who happened to be at the condominium, told Lee that she needed to do something immediately, that the resident manager attempted to get some immediate action out of Lee, but that Lee was undecided about what to do.

II.
On appeal, the Chaus argue that the district court erred in granting summary judgment on all claims because: 1) there are genuine issues of material fact regarding whether Lee breached her duty of care after receiving notice that her water heater was leaking; and 2) the Chaus' complaint did not sound in negligence only and there are other potential theories of liability.[3] Based on our review of the record and the briefs submitted by the parties, we resolve the issues the Chaus raise on appeal as follows:
1. We conclude that the district court erred in granting summary judgment on all claims because genuine issues of material fact remain as to whether Lee acted reasonably once she received notice that her water heater was leaking. Lee's summary judgment motion was framed to address the question of whether Lee had notice that her water heater would fail before the water heater began leaking. The declaration Lee submitted in support of her summary judgment motion only established that she had no reason to know that her water heater would fail and damage another apartment before the incident. Lee's summary judgment motion, however, did not demonstrate, as a matter of law, that Lee did not breach a duty of care after she received notice that her water heater was leaking or that any such breach resulted in no damage to the Chaus. See French v. Hawaii Pizza Hut, Inc., 105 Hawai`i 462, 470, 99 P.3d 1046, 1054 (2004) (stating that the party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that based on the undisputed facts, it is entitled to judgment as a matter of law).
We agree with Lee that there was no genuine issue of fact that she had no prior notice that her water heater would fail. Thus, Lee did not owe a duty of care and could not be found liable for negligence until she received notice that her water heater was leaking. See Harris v. State, 1 Haw. App. 554, 557, 623 P.2d 446, 448 (1981) (stating that liability for negligence cannot be imposed on an owner of the premises if the owner has not been put on actual or constructive notice of the unsafe condition or defect that causes plaintiff injury). In addition, even after receiving notice, a person is not liable for negligence unless she is "afforded a reasonable time to effect repairs." Estate of Klink ex rel. Klink v. State, 113 Hawaii 332, 359, 152 P.3d 504, 531 (2007). We therefore conclude that the district court was correct to the extent that it granted summary judgment with respect to the Chaus' negligence claim for damages that occurred before Lee received notice that her water heater was leaking and was afforded a reasonable time to repair the leak.
However, the court erred in granting summary judgment on all of the Chaus' claims because there were genuine issues of material fact regarding whether: 1) Lee acted with due care after receiving notice that her water heater was leaking; and 2) the Chaus suffered further damage to their apartment after Lee had a reasonable time to repair the leak.
The record is sufficient to show that Lee received notice that her water heater was leaking and causing damage to the Chaus' apartment by at least 4:00 p.m. on October 16, 2006. At the summary judgment hearing, Lee's counsel conceded this fact:
Our client knew or was first informed about the problem the day after [October 15, 2006] at 4 p.m. [The Chaus] are saying the incident started at 10:15 on the 15th, we were notified on the 16th at 4 p.m.
In addition, the Chaus' memorandum in opposition to Lee's summary judgment motion included Michael Chau's signed declaration, under penalty of perjury, verifying that his unsigned statements[4] was true and correct to the best of his knowledge. We conclude that this was sufficient to incorporate Michael Chau's statement into his declaration, which met the requirements for a declaration in lieu of affidavit under the Rules of the District Courts of the State of Hawai`i Rule 7(g) (2008). With respect to the limited portions of Michael Chau's statement that were clearly based on his personal knowledge, we conclude that those portions satisfied the requirements of Hawaii Rules of Civil Procedure (HRCP) Rule 56(e) (2008) and thus could be considered by the district court in ruling on Lee's summary judgment motion.[5] Those limited portions included Michael Chau's statement that sometime after 11:30 a.m. on October 16, 2006, he called Lee's apartment and notified Lee's son of the problem regarding the leaking water and directed the son to call the son's parents right away.[6]
The record further shows that despite receiving notice that her water heater was leaking by 4:00 p.m. on October 16, 2006, Lee did not have the leak repaired until about 11:45 a.m. the next day.[7] Based on this record, we conclude that there were genuine issues of material fact regarding whether Lee acted reasonably and with due care once she received notice that her water heater was leaking. Lee does not dispute that the water continued to flow into the Chaus' apartment until the leak was repaired. We conclude that the continuous flow of the water into the Chaus' apartment also created genuine issues of material fact regarding whether the Chaus sustained further damage to their apartment after Lee had a reasonable time to repair the leak. A trier of fact could reasonably infer that the damage to the Chaus' apartment continued to increase as long as the water kept flowing into their apartment. We therefore reject Lee's contention that she was entitled to summary judgment because the Chaus' claim that they sustained damage as a result of Lee's delay in replacing the water heater after Lee had notice of the leak was speculative.
The factual questions regarding Lee's conduct after Lee was notified that her water heater was leaking, including whether she could have acted to repair the leak sooner, also precludes the grant of summary judgment on the Chaus' punitive damages claim. The undeveloped record is insufficient to show that Lee was entitled to judgment on this claim as a matter of law.
2. The Chaus argue that the district court erred in finding that the complaint sounded in negligence only, and they contend that there are other potential theories of liability, including "1) strict liability from implied contract; 2) convenant/servitude as co-owners in a condominium; 3) trespass; 4) nuisance; 5) intentional infliction of emotional distress; [and] 6) negligent infliction of emotional distress." The complaint alleged that Lee caused water damage to the Chaus' property "intentionally and/or negligently" and thus alleged both intentional and negligent acts. However, our review of the complaint establishes that the complaint did not allege the additional theories of liability that the Chaus' proffer on appeal. Accordingly, the district court did not err in declining to consider these theories of liability. Our decision does not preclude the Chaus from seeking to amend their complaint to allege additional theories of liability on remand. We express no view on the merits of any of the additional theories of liability proffered by the Chaus.

III.
We vacate the Summary Judgment Order filed in the district court on December 20, 2006, and we remand the case for further proceedings consistent with this opinion.
NOTES
[1] The Honorable Faye M. Koyanagi presided. We note that on December 21, 2006, the district court filed a "Judgment in Favor of Defendant Myong Ok Lee and Against Plaintiffs Micahel Chau and Alice Chau." However, the separate judgment requirement of Hawaii Rules of Civil Procedure (HRCP) Rule 58 does not apply to district court cases and the Summary Judgment Order was an appealable final order in this case. Casumpanq v. ILWU, Local 142, 91 Hawai`i 425, 426-27, 984 P.2d 1251, 1252-53 (1999).
[2] As discussed infra, we conclude that the district court properly found that there was no genuine issue of material fact that Lee had not received prior notice that her water heater would fail. Lee could not be found liable on a theory of negligence for any damages that occurred before she received notice that her water heater was leaking.
[3] The opening brief filed by the Chaus' counsel is deficient in several respects. Counsel for the Chaus fails to comply with Hawai`i Rules of Appellate Procedure (HRAP) Rule 28(b)(3) (2007), in that the statement of the case does not contain "record references supporting each statement of fact[.]" and counsel failed to append to the brief a copy of the findings of fact and conclusions of law and the order "relevant to any point on appeal." Counsel also fails to comply with HRAP Rule 28(b)(4)(C) (2007) in that his points of error do not contain "a quotation of the finding or conclusion urged as error." Counsel for the Chaus is warned that future non-compliance with HRAP Rule 28 may result in sanctions against him.
[4] We note that while the statement of Michael Chau that was attached to the Chaus' memorandum in opposition to Lee's motion for summary judgment was not signed, the record also includes an exhibit list and exhibits filed before the hearing on the summary judgment motion that contains the same statement of Michael Chau that is signed. The parties in their briefs do not refer to the signed statement.
[5] The Chaus counsel could have easily avoided any dispute over whether the district court could consider the proffered information by preparing an affidavit or declaration that was signed by Michael Chau, that contained facts that were based on Michael Chau's personal knowledge, and that demonstrated Michael Chau was competent to testify about the matters stated therein.
[6] We agree with Lee that the portions of Michael Chau's statement that were not clearly based on his personal knowledge as well as the resident manager's statement and the letter from Lee's insurance carrier could not be considered by the district court. Those materials did not satisfy the requirements of HRCP Rule 56(e) as an affidavit made on personal knowledge setting forth facts as would be admissible in evidence.
[7] In his statement, Michael Chau represented that the "[w]ater was still leaking until 11:45 a[.]m. on October 17, 2006.