**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000791
30-SEP-2022
07:57 AM
Dkt. 69 SO**

NO. CAAP-18-0000791

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


ROBERT BUCHANAN, Plaintiff-Appellant, v.
MUTUAL UNLIMITED LLC, dba LAHAINA GRILL,
Defendant-Appellee,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10;
DOE PARTNERSHIPS 1-10; AND DOE ENTITIES 1-10,
Nominal Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 16-1-0582(1))


SUMMARY DISPOSITION ORDER
(By: Ginoza, C.J., and Wadsworth and McCullen, JJ.)

This appeal stems from a personal injury case, in which Plaintiff-Appellant Robert Buchanan (**Buchanan**) alleges that he sustained injuries when he fell through an open trap door in a restaurant owned and operated by Defendant-Appellee Mutual Unlimited, LLC, doing business as Lahaina Grill (**Lahaina Grill**). Buchanan appeals from the September 21, 2018 Final Judgment (**Judgment**), entered in favor of Lahaina Grill and against Buchanan, by the Circuit Court of the Second Circuit (**Circuit Court**).[1]  Buchanan also challenges the Circuit Court's May 21, 2018 "Order Granting . . . Lahaina Grill's Motion for Summary Judgment Against [Buchanan], Filed March 29, 2018" (**Order Granting Summary Judgment**).

---

[1]     The Honorable Rhonda I.L. Loo presided.

The following facts appear to be undisputed:  On the evening of November 19, 2014, Buchanan, his wife, and a friend had dinner at Lahaina Grill.  The group had finished dinner and were talking.  It was after 10:00 p.m., and the restaurant was closed for the night, at least as to new customers.  Buchanan decided to go to the restroom and made his way to the hallway where the restrooms were located.  There was a thick, "theater-style rope" hanging across the entrance to the hallway that led to the restrooms.  Buchanan unhooked the rope and continued past it into the hallway.  While walking in the hallway toward the restrooms, Buchanan stepped into an open trap door leading to the restaurant's wine cellar, and fell into the cellar below.

On November 17, 2016, Buchanan filed a complaint against Lahaina Grill, asserting claims for negligence and gross negligence.  Buchanan alleged, among other things, that Lahaina Grill breached its duty of care by leaving the trap door open and by failing to warn guests, including Buchanan, of the dangerous condition.

Lahaina Grill answered the complaint on July 26, 2017.

On March 29, 2018, Lahaina Grill filed a motion for summary judgment with supporting declarations and exhibits.  Lahaina Grill argued that:  (a) it satisfied its duty of care owed to Buchanan by hanging the rope across the entrance to the hallway where the wine cellar door was located; and (b) no reasonable jury could conclude that Lahaina Grill was more responsible for Buchanan's injuries than Buchanan, where Lahaina Grill took reasonable precautions to block access to the hallway, but Buchanan "deliberately ignor[ed] the rope barricade" and did not "watch[] out where he was going[.]"

On May 1, 2018, Buchanan filed a memorandum and supporting declarations in opposition to the motion for summary judgment.  Buchanan argued that the motion for summary judgment presented disputed issues of material fact that should be decided by a jury.  These disputed issues included:  (1) whether the hallway and cellar lights were on or off when Buchanan went to

find the restroom;[2/] (2) whether Lahaina Grill was negligent in failing to warn Buchanan of a dangerous condition; (3) whether the rope between the restaurant and the restrooms was an adequate warning of the trap door; (4) whether Lahaina Grill breached its duty to exercise reasonable care; and (5) whether Buchanan knew or should have known of the danger, and the obviousness of the danger.

On May 10, 2018, the Circuit Court heard the motion for summary judgment. At that time, the Circuit Court ruled:

> The Court having had an opportunity to review the motion, the opposition, and having heard the oral arguments in court this morning, the Court is going to grant defendant's motion for summary judgment.
>
> The Court finds that summary judgment is appropriate when there is no genuine issue as to any material fact. And in ruling on a motion for summary judgment the Court is required to view the record in the light most favorable to the plaintiff.
>
> First, a possessor of land who knows or should have known of an unreasonable risk of harm posed to persons using the land owes a duty to persons using the land to take reasonable steps to eliminate the unreasonable risk or warn the uses [sic] against it.
>
> The Court finds that defendant took reasonable steps to eliminate the risk of patrons falling into its wine cellar, thereby satisfying its duty.
>
> The parties do not dispute that one of defendant's employees put up an over four foot theater type rope to block off the bathroom area where the wine cellar was located.
>
> The parties also do not dispute that plaintiff disregarded this four foot - four foot something rope and stepped over it to use the bathroom within. Subsequently falling into the wine cellar located beyond the rope.
>
> As parties also do not dispute that the incident occurred after the restaurant had closed and plaintiff was one of the few patrons left in the restaurant.
>
> The Court finds that the large rope was a sufficient reasonable step to eliminate the risk of a patron falling into the open wine cellar.
>
> Second, Plaintiff also asserts that Lahaina Grill did not satisfy its duty to warn by simply hanging a rope to block off this door. Plaintiff asserts that the rope gave no clue that a trap door was on the other side of the rope and there was no caution signs or do not enter signs.

---

[2/]  Buchanan submitted a declaration stating, among other things, that when he made his way to the hallway where the restrooms were located, the hallway light was off, and when he fell through the open trap door, the cellar light was off.

> <u>The Court finds, however, that such additional</u>
> <u>warnings were not necessary</u>. In support of . . . his
> argument, plaintiff does rely on [<u>Ribeiro v. Safeway, Inc.</u>,
> Civ. No. 09-00175 BMK, 2012 WL 1033570 *1 (D. Haw. Mar. 27,
> 2012)], in which the [U.S. District] Court denied
> defendant's motion for summary judgment because Safeway's
> use of wet floor cones did not satisfy its duty to warn.
> Um, the Court is aware that this opinion is . . .
> unpublished and the Court will decline to extend the scope
> of reasonable steps to warn to this case.

(Emphases added.)

On May 21, 2018, the Circuit Court entered the Order Granting Summary Judgment. The court concluded that "[Buchanan] cannot establish a breach of any duty owed to [Buchanan] by Lahaina Grill[,]" and granted the motion for summary judgment.

On appeal, Buchanan contends that the Circuit Court erred: (1) in granting summary judgment in favor of Lahaina Grill on the ground that "[Buchanan] cannot establish a breach of any duty owed to [Buchanan] by Lahaina Grill"; (2) in finding that Lahaina Grill "took reasonable steps to eliminate the risk of patrons falling into the wine cellar, thereby satisfying its duty"; and (3) in finding that "additional warnings were not necessary."

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Buchanan's contentions as follows and vacate and remand.

We review a trial court's grant or denial of summary judgment *de novo* using the same standard applied by the trial court. <u>Nozawa v. Operating Eng'rs Local Union No. 3</u>, 142 Hawaiʻi 331, 338, 418 P.3d 1187, 1194 (2018) (citing <u>Adams v. CDM Media USA, Inc.</u>, 135 Hawaiʻi 1, 12, 346 P.3d 70, 81 (2015)). "Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." <u>Id.</u> at 342, 418 P.3d at 1198 (brackets omitted) (quoting <u>Adams</u>, 135 Hawaiʻi at 12, 346 P.3d at 81). "A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause

4

of action or defense asserted by the parties." Id. (quoting Adams, 135 Hawaiʻi at 12, 346 P.3d at 81).

The moving party has the burden to establish that summary judgment is proper. Id. (citing French v. Haw. Pizza Hut, Inc., 105 Hawaiʻi 462, 470, 99 P.3d 1046, 1054 (2004)). "Once a summary judgment movant has satisfied its initial burden of producing support for its claim that there is no genuine issue of material fact, the party opposing summary judgment must 'demonstrate specific facts, as opposed to general allegations, that present a genuine issue worthy of trial.'" Id. (brackets omitted) (quoting Lales v. Wholesale Motors Co., 133 Hawaiʻi 332, 359, 328 P.3d 341, 368 (2014)). The evidence and the inferences drawn from the evidence must be viewed in the light most favorable to the non-moving party. Yoneda v. Tom, 110 Hawaiʻi 367, 384, 133 P.3d 796, 813 (2006) (citing Coon v. City & Cnty. of Honolulu, 98 Hawaiʻi 233, 244–45, 47 P.3d 348, 359–60 (2002)).

Here, the Circuit Court correctly stated the applicable standard for a negligence claim based on premises liability:

> [A] possessor of land, who knows or should have known of an unreasonable risk of harm posed to persons using the land, by a condition on the land, owes a duty to persons using the land to take reasonable steps to eliminate the unreasonable risk, or warn the users against it.

Richardson v. Sport Shinko (Waikiki Corp.), 76 Hawaiʻi 494, 503, 880 P.2d 169, 178 (1994) (emphasis omitted) (quoting Corbett v. Ass'n of Apartment Owners of Wailua Bayview Apartments, 70 Haw. 415, 415, 772 P.2d 693, 693 (1989)), superseded by rule on other grounds, as recognized in DL v. CL, 146 Hawaiʻi 415, 463 P.3d 1072 (2020).

The parties do not dispute that Lahaina Grill owed Buchanan a duty to take reasonable steps to eliminate the risk posed by the open trap door or to warn him against it. Indeed, Lahaina Grill argued below that it "satisfied its duty of care owed to [Buchanan] to either 'warn or reasonably make safe' by blocking off access to the area while the wine cellar door was open." Buchanan contends, however, that the Circuit Court erred in deciding as a matter of law the factual questions of whether Lahaina Grill took reasonable steps to eliminate the risk of

patrons falling into the wine cellar and whether additional warnings were necessary.

Buchanan's argument finds support in Richardson, which treated a similar question as one for the trier of fact. There, an injured wife and her husband brought a negligence action against a hotel owner after the wife knelt on a staple hidden in the carpeting of a hotel conference room. The plaintiffs claimed they were entitled to a directed verdict, or judgment notwithstanding the verdict, because the evidence presented at trial established as a matter of law that the defendant was negligent. The circuit court denied their motions. The supreme court upheld the denial, applying the "general principle" that "the question whether one has acted reasonably under the circumstances is for the trier of fact to determine." Richardson, 76 Hawaiʻi at 503, 880 P.2d at 178 (citing Knodle v. Waikiki Gateway Hotel, Inc., 69 Haw. 376, 387, 742 P.2d 377, 384 (1987)). The supreme court concluded that based on the evidence and the inferences that could be reasonably drawn therefrom, jurors could have found that the defendant had taken reasonable steps to eliminate the risk of the staples. Id.; see Knodle, 69 Haw. at 387, 742 P.2d. at 384 (ruling in a negligence action against a hotel, "what is reasonable and unreasonable and whether the defendant's conduct was reasonable in the circumstances are for the jury to decide").

Similarly, here, the issue of whether Lahaina Grill took reasonable steps to eliminate the risk of patrons falling through the open trap door was for the trier of fact to decide. Viewing the evidence in the light most favorable to non-movant Buchanan, we cannot say as a matter of law that Lahaina Grill took reasonable steps to eliminate the risk, where evidence was presented that when Buchanan made his way to the hallway where the restrooms were located, the hallway light was off; there was only dim light from somewhere else in the restaurant; the "theater-style rope" across the hallway entrance was the only obstacle limiting access to the hallway; there were no signs of any kind; and when Buchanan fell through the open trap door, the

cellar light was off, making the door opening "invisible."[3/] Accordingly, the Circuit Court erred in determining as a matter of law that Lahaina Grill "took reasonable steps to eliminate the risk of patrons falling into its wine cellar, thereby satisfying its duty."

Likewise, the Circuit Court erred in determining as a matter of law that "additional warnings were not necessary." "[W]hen reasonable steps are taken to eliminate the unreasonable risk of harm, no duty to warn remains." Richardson, 76 Hawaiʻi at 503, 880 P.2d at 178. Here, however, it was for the trier of fact to decide whether Lahaina Grill took reasonable steps to eliminate the risk of patrons falling into the wine cellar. See supra. On remand, if the trier of fact determines that Lahaina Grill did not take such reasonable steps, the question of whether it adequately warned patrons of the relevant risk, *i.e.*, whether the rope hanging across the hallway entrance sufficed to warn patrons of the open trap door ahead, was also for the trier of fact to decide. See Ribeiro, 2012 WL 1033570, at *2-3 (where the plaintiff slipped and fell on the defendant store's wet floor, which had an "enhanced slippery quality" due to its material, and although the store had placed a yellow "wet floor" cone and a rubber-backed red carpet at the entrance of the store, "there remain[ed] a genuine dispute as to whether [the store's] actions adequately warned [the plaintiff] of the floor's condition in the store.").[4/]

---

[3/]    We recognize that much, if not all, of this evidence is disputed by Lahaina Grill. Thus, there are genuine issues of material fact.

[4/]    Lahaina Grill argues that Ribeiro is distinguishable because, there, the plaintiff claimed she did not see the yellow cone, whereas, here, there was no dispute that Buchanan "saw the rope barrier completely blocking his access." (Emphasis omitted.) However, Buchanan stated in his declaration:

> The presence of the rope gave me no clue that there was an open and unattended trap door ahead. At most, the rope indicated to me that the restaurant was closed to new customers for the night. I felt certain that the restaurant did not mean to prevent paying customers who had just spent their evening at the restaurant from using the bathroom after their meal. It never occurred to me that, between me and the restrooms, there would be an open trap door in the floor, or any other hidden danger.

(continued...)

Accordingly, the Circuit Court erred in granting summary judgment in favor of Lahaina Grill on the ground that "[Buchanan] cannot establish a breach of any duty owed to [Buchanan] by Lahaina Grill[.]"

This conclusion does not end our analysis, however, because Lahaina Grill urges us to affirm the Circuit Court's decision and subsequent Judgment on an alternative basis. Lahaina Grill contends that the Circuit Court could have properly granted summary judgment in its favor on the alternative ground that as a matter of law, "[Buchanan's] comparative negligence was far in excess of that, if any, of [Lahaina Grill]."[5]

In the circumstances of this case, the question of Buchanan's alleged comparative negligence, which Lahaina Grill describes as "breaching the rope barrier without permission" and "failing to avoid the plainly open and obvious open wine cellar in his path," is inextricably intertwined with the question of Lahaina Grill's alleged negligence. Cf. Young v. Price, 48 Haw. 22, 25, 395 P.2d 365, 367 (1964) ("the question of plaintiff's contributory negligence is so inextricably entwined with and dependent on the issue of defendants' negligence that it also was properly submitted to the jury"). Moreover, the parties dispute the lighting conditions in the hallway and cellar when Buchanan

---

[4] (...continued)
Viewed in the light most favorable to Buchanan, the evidence he presented raised a genuine issue as to whether Lahaina Grill's actions adequately warned patrons of the relevant risk.

[5] HRS § 663-31 (2016) provides, in relevant part:

**Contributory negligence no bar; comparative negligence; findings of fact and special verdicts.** (a) Contributory negligence shall not bar recovery in any action by any person or the person's legal representative to recover damages for negligence resulting in death or in injury to person or property, if such negligence was not greater than the negligence of the person or in the case of more than one person, the aggregate negligence of such persons against whom recovery is sought, but any damages allowed shall be diminished in proportion to the amount of negligence attributable to the person for whose injury, damage or death recovery is made.

"This statute eliminates contributory negligence, and instead provides that an injured plaintiff may recover against a defendant even if her negligence contributed to her own injury, as long as her negligence is not greater than that of the defendant." Steigman v. Outrigger Enterprises, Inc., 126 Hawaiʻi 133, 135, 267 P.3d 1238, 1240 (2011) (emphasis added).

fell, and whether he should have been able to avoid the opening in the floor, as well as whether the "theater-style rope" should have reasonably warned Buchanan of the risks. Thus, whether Buchanan failed to exercise ordinary care for his own safety in these circumstances, and the extent of any comparative negligence on his part, are questions for the trier of fact.

For the reasons discussed above, we vacate the September 21, 2018 Final Judgment and the May 21, 2018 "Order Granting . . . Lahaina Grill's Motion for Summary Judgment Against [Buchanan], Filed March 29, 2018," entered by the Circuit Court of the Second Circuit. We remand the case to the Circuit Court for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawaiʻi, September 30, 2022.

On the briefs:

Anthony L. Ranken
(Anthony Ranken & Associates)
for Plaintiff-Appellant.

Steven L. Goto
(Chong, Nishimoto, Sia,
Nakamura & Goya, LLLP)
for Defendant-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge